## SUPREME COURT.

### WEBB agt. MOTT.

As under the former practice, so, under the Code, " that after a *general appearance* by the defendant, he can not be heard objecting on account of the *irregularity of the process* by which the action was commenced." (*See the authorities cited in the case.*)

*Otsego Special Term, March* 1852. Mr. FIELD, of counsel for the defendant, moved to set aside the summons and complaint in this action for irregularity.

G. A. STARKWEATHER, *Opposed.*

CRIPPEN, Justice.——The summons is not in conformity with the provisions of the Code. The complaint which was served on the defendant with the summons, sets up a cause of action

not arising on contract, but one founded in tort for a malicious arrest and prosecution of the plaintiff, and claims damages therefor.

Under such a complaint the summons should have contained the notice required by section 129, sub. 2 of the Code. In short there is no doubt but that the summons in this case is irregular and should be set aside, unless the irregularity has been waived or cured by the acts of the defendant or his attorney, since the service of the summons and complaint on the defendant.

It appears from the affidavits in this case that the summons and complaint were served on the defendant on the 23d day of February 1852; that on the same day the defendant employed an attorney of this court to defend the action, and the attorney of the defendant swears in his affidavit that on the 24th day of February 1852, " he served a notice in writing on the plaintiff's attorneys that he was retained by the defendant to defend this action."

The 7th rule of this court declares that the service of notice of appearance, or retainer generally, by an attorney for the defendant, shall in all cases be deemed an appearance. The notice of retainer in this case was general and not limited or special. If the defendant intended to retain the attorney for the special object or purpose of making a motion to set aside the plaintiff's proceedings for irregularity, a notice of such limited or special retainer would not have been deemed or taken as a general retainer and appearance in the action.

Rule 7, of this court, recognizes by its very language a special or limited retainer, and which would not be deemed an appearance in the action on the part of the defendant. But in this case it is entirely clear that the defendant appeared generally in the action, and the plaintiff on filing the notice of retainer of the defendant's attorney, may have the appearance of the defendant entered as of the time when such notice was served ( *Rule* 7).

It is insisted on the part of the plaintiff that the appearance of the defendant generally in the action, is a waiver of the irregularity in the summons, and cures the defect in the plaintiff's proceedings.

I am satisfied on an examination of the authorities that the

practice of the court has been for a long time settled that a defect or irregularity like that on which this motion is founded, will not be regarded after the defendant has given notice of appearance generally in the action.

The case of Mulkins and Bennett vs. Clark (3 *How. Pr. R.* 27), was a motion to set aside a *capias ad respondendum* for irregularity, for an omission to endorse a reference on the writ to the statute as required in actions for penalties, that being an action to recover the penalty for a violation of the excise laws. The writ in that case was served on the defendant on the 16th of January 1847. On the 19th, the defendant's attorney served a general notice of retainer for the defendant in the action upon the plaintiff's attorney. BRONSON, chief justice, denied the motion to set aside the writ with costs; on the ground that the defendant had appeared generally in the action, and by so doing waived all irregularity in the process.

The case of Pixley vs. Winchell (7 *Cow. R.* 366), was a motion to set aside the capias which was tested as of August term, 1826, and made returnable the 18th of October 1827, more than one year after the teste of the writ. The defendant put in special bail before the irregularity was discovered by him. The court denied the motion on the ground that the defendant had taken a step by which he was regularly in court, whether there by any process or not. Notwithstanding the defendant put in bail and thus appeared in the action in ignorance of the irregularity in the writ, the court held that he had waived the irregularity and denied the motion.

The case of Dix agt. Palmer and Schoolcraft (5 *How. Pr. R.* 233), was a motion to set aside the judgment entered by the plaintiff for a defect in the summons in omitting to state the court from which it emanated. Justice GRIDLEY, in deciding the motion, uses the following language: " That the defect in the summons would be a fatal objection to the judgment, had not the defendant's attorney given a general notice of appearance and thus waived the irregularity. The defendant having appeared in the action generally, admits himself to be *regularly in court*, and therefore all defects in the summons and its service, and even the total omission of any summons at all, becomes immaterial.

The defendant has taken a step in the action which admits that he is regularly brought into court."

The case of Gardner vs. Teller (2 *How. Pr. R.* 241), was a motion to set aside a declaration and notice to plead thereto in ten days, instead of twenty days. It appeared that the defendant on the next day after the service of the declaration and notice on him, employed an attorney to defend, who immediately served a notice of retainer on the plaintiff's attorney in the action. Chief Justice BRONSON denied the motion, with costs, on the ground that the defendant's attorney had served a notice of retainer generally, which is an appearance by the defendant in the action. Serving the declaration with notice to plead thereto in ten days instead of twenty days, was irregular; but an appearance in the action is a waiver of irregularities in the process to bring the party into court.

The case of Rowley vs. Stoddard (7 *John. R.* 207), decides that the appearance of Stoddard in the action commenced against him in Vermont cured all irregularities if any had been committed in the commencement of the suit (17 *John.* 63).

In the case of Fox vs. Money ( 1 *Bosanquet & Puller*, 250), a motion was made to set aside the proceedings for irregularity, on the ground that the writ was tested on a wrong day. The plaintiff's counsel objected to granting the motion on the ground that the defendant had not appeared in the action, and therefore was not in court and could not make the objection. The court decided that the defendant should make the motion in the first instance, or, in other words, before appearing generally in the action.

The practice of the court has been settled and uniform for a great length of time, and is in conformity with the practice of the English courts, that after a general appearance by the defendant, he can not be heard objecting on account of the irregularity of the process by which the action was commenced.

I deem it now too late for the court to establish a new rule of practice in such cases unless it is imperiously necessary to do so for the protection or enforcement of some right of the party seeking relief, which I have not been able to discover as existing in this case. The defendant can not suffer or be in any wise injured

by the variance between the summons and complaint, in this action. The complaint contains the cause of action and the defendant is informed thereby of every fact necessary for him to know in order to protect himself against an unfounded claim, if it be such. I have come to the conclusion that this motion must be denied with seven dollars costs.