Robertson, Ch. J.
This is a motion to set aside the complaint, for not following the character of the summons with which it was served. The latter contains a notice that in default of answering, the plaintiff will take judgment for a speci *645 fied sum mentioned in the complaint, whereas the former is for a tort. It is urged, that the remedy of the defendant for the incongruity, where the summons is served with the complaint, is a motion to set aside the summons. But I think the correct remedy is to set aside the complaint. The service of the summons is the commencement of the action, and the notice in it determines the relief sought, in case no defense is made to the action, and also the class of actions to which the suit in question belongs. (Ridder v. Whitlock, 12 How. 208.) The same rule formerly prevailed where a capias had no ac etiam clause in it, and the declaration was upon a contract. The following additional authorities sustain this view: Boington v. Lapham, (14 How. 360;) (Id. 395;) Johnson v. Paul, (Id. 454;) Tuttle v. Smith, (6 Abb. 330;) Shafer v. Humphrey, (15 How. 564;) Davis v. Bates, (6 Abb. 15;) Campbell v. Wright, (21 How. 13.) These cases control the prior ones of Webb v. Mott, (6 How. Pr. 439;) Voorhies v. Scofield, (7 id. 51;) Baxter v. Arnold, (9 id. 445;) and Ritdder v. Whitlock, (12 id. 208.) The language used in Hemsen v. Decker, (29 How. Pr. 385,) is not controlling, as the point was not necessary for the decision of the case.
The motion must therefore be granted, with liberty to the plaintiff to amend his complaint or summons, on paying §7, the costs of this motion.