## BROWNING v. MOSES.

### (Supreme Court, Appellate Term. June 30, 1908.)

1. APPEAL AND ERROR—DECISIONS REVIEWABLE—ENTRY OF JUDGMENT OR ORDER.

   The correctness of a ruling of the trial court refusing to remove a cause to the United States Circuit Court will not be reviewed, where no order was entered upon the refusal of approval of the bond offered.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 898.]

2. APPEARANCE—WAIVER OF DEFECTS IN PROCESS.

   After a general appearance defendant cannot object on account of irregularity of the process by which the action was commenced.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appearance, §§ 118–143.]

3. PLEADING—ANSWER—SUFFICIENCY OF DENIAL.

   In a proceeding to recover possession of leased premises, an answer by the tenant, denying on information and belief "the allegations contained in the petition of the landlord, in which he states that on the 1st day of March, 1908, there was due to the landlord from said tenant under and by virtue of a written agreement the sum of $2,000 for one month's rent of said premises, to wit, from March 1. 1908, to April 1, 1908" was insufficient as a denial of the terms of the lease.

4. SAME—NEGATIVE PREGNANT.

   In a proceeding by a landlord to recover possession of demised premises, a statement on information and belief, contained in the answer, that the tenant "denies the statement contained in the petition of said landlord that said rent has been demanded in writing from the tenant by service of a three days' written demand," is insufficient as a denial, since it involves a negative pregnant.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 261–263.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Proceeding by Edward W. Browning against Arthur G. Moses to recover possession of leased premises. From a judgment for the landlord, the tenant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Thomas J. Bannon, for appellant.
H. Schieffelin Sayers, for respondent.

MacLEAN, J. In this proceeding to recover possession of Nos. 142–146 East Twenty-Seventh street, the answer began:

"The tenant above named, answering the petition of Edward W. Browning, the landlord, on information and belief avers:

"I. He denies the allegations contained in the petition of the landlord, in which he states that on the 1st day of March, 1908, there was due to the landlord from said tenant under and by virtue of a written agreement the sum $2,000 for one month's rent of said premises, to wit, from March 1, 1908, to April 1, 1908.

"II. He denies the statement contained in the petition of said landlord that the said rent has been demanded in writing from the tenant by service of a three days' written demand."

As a separate and distinct defense the tenant, on information and belief, averred that the court had no jurisdiction in the premises. He also similarly, on information and belief, averred misrepresentations to himself as basis for a counterclaim, which did not come up for consideration, as nothing was offered to support it.

Just what was meant by the plea of no jurisdiction is not very clear upon this appeal, which is from the final order and from each and every part of said final order. Resort was had to the last refuge of multiformous pleaders, the Constitution, on the argument below and in this court, respecting a futile attempt at removal to the United States Circuit Court, but no order was entered upon the refusal of approval of the bond offered. There was bootless argument, too, in both courts about an affidavit of service, after the tenant had appeared and answered, making the objection too late, as was pointed out in 1852 to the instruction of one of the forbears of the Code that after a general appearance by the defendant he cannot be heard objecting on account of the irregularity of the process by which the action was commenced. Webb v. Mott, 6 How. Prac. 439.

It remains to inquire whether the material allegations in the petition, default in payment of rent and the demand, are, for the purpose of the action, to be taken as true, because not controverted in the paragraphs quoted at the outset. As a man may allege anything, so he may likewise aver. Logically, it is hard to see how the tenant provably exposed himself to pains and penalties for perjury, the last sanction of the verification of a pleading, in such jargon, repeatedly held frivolous. Almost this very phrase, however, has been held good (Jones v. Ludlum, 74 N. Y. 62) per curiam. The purported denial in No 1 the tenant might not make, because it was positively within his own knowledge, or by him easily ascertainable, whether he had entered into a written lease by the terms whereof rent was due from him as alleged. Not denying the lease or its terms, his conclusion, for all that appears, might depend upon a mental reservation concerning the wording of the paper or some fact which might relieve him morally from obligation.

Under II comes a negative pregnant, the bald denial of the statement, in the form made, that the rent had been demanded in writing from himself, but not of the substantial allegation of compliance with the requirement of "at least three days' notice in writing." He does not deny the fact of a demand for payment made at least three days. For all that appears, he might have seen with his own eyes the notice conspicuously posted on the doorpost of the building four days before the day set for its acceptance, and, if indicted for falsely swearing, he could say with perfect truth that he did not swear to the contrary of what he had seen, that he did not on oath deny the general fact of

the service of a notice of at least three days, but that by a strong implication he admitted it. The judgment and final order should be affirmed.

Judgment and final order appealed from affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.