UTICA,
August, 1823.

BELL
v.
CARRELL.

---

## Bell and others, executors of M'Lelland, *against* Carrell.

Capias ad resp. with *ac etiam,* " for $500 upon promises," against *Carrell & Peck,* and *Potter & D. Peck,* the two last being administrator and administratrix of *W. Lovell,* deceased. The appearance of *Carrell, Potter,* and *D. Peck,* was endorsed upon the *capias,* and the plaintiff's declared against *Carrell* alone.

Where several plaintiffs are sued, by process *bailable,* the plaintiff cannot declare against one of them separately, though they have all endorsed their appearance ;

Otherwise, as to process *not bailable.*

The question, whether bailable or not, turns upon the nature of the action, as expressed in the *ac etiam ;* not whether the defendant is, *in fact,* holden to bail.

*El semble,* that where several defendants are named, in the same bailable process, some in their own right, and others *en autre droit,* the objection arises more properly upon the pleadings, than by motion to set aside the writ.

UTICA,
August, 1823.

BELL,
v.
CARREL.

*A. Paige,* moved to set aside the declaration, as irregular, on the ground that the process being bailable, the plaintiffs could not proceed separately against one of the defendants. He cited *Montgomery* v. *Hasbrouck et al.* (3 *John. Rep.* 538 ;) *Rosevelt et al.* v. *Soulden et al.* (16 *John.* 44 ;) *Holland* v. *Richards,* (4 *T. R.* 697, *n.* b ;) *Tidd's Pr.* 80 ; 1 *Dunlap's Pr.* 122, 126 ; *Spencer* v. *Scott,* (1 *Bos. & Pull.* 19 ;) *Lewin* v. *Smith,* (4 *East,* 589 ;) *Kerval* v. *Fossett,* (7 *Taunt.* 458 ;) *Chapman* v. *Eland et al.* (2 *New Rep.* 82;) 1 *Moore,* 147 ; *Thompson* v. *Cotter et al.* (1 *Maule & Selw.* 55 ;) *Stables et al.* v. *Ashley et al.* (1 *Bos. & Pull.* 49.) In *Tidd,* 632, it is laid down, that a *nolle prosequi* cannot be entered against one defendant, except for some matter operating to his personal discharge. Upon the same principle, the plaintiff cannot declare against one, omitting the others.

*Beck,* contra, admitted the distinction between process *bailable,* and *not bailable,* as established by the cases cited ; but he raised the question, to which class the process under consideration belonged ? The defendants have endorsed their appearance as upon a *capias not bailable ;* and does it now lie with them to make this objection ? The rights of bail are not in question, for none has been taken or exacted. It appeared to him that the principle of the cases cited did not apply ; and that, after the endorsement of an appearance, though there was an *ac etiam,* the process was to be considered *not bailable.*

*Paige,* in reply, said the distinction is between process *bailable* or *not, upon its face.* The reasoning of the Court, in the cases cited, applies to the character of the process, disconnected, altogether, with the circumstance of bail having been put in. That character is determined by the *ac etiam.*

*Curia.* Both according to the English rule and our own, the plaintiff may declare separately against the defendants, upon process *not bailable ;* but it is otherwise as to process *bailable.* This distinction is abundantly established by several of the cases referred to by the defendant's counsel ;

and the only question is, whether the *capias* is bailable or not, within the meaning of the rule. We think the circumstance of an appearance having been indorsed, does not vary the case, for the purposes of this proceeding. The true inquiry is, whether the action, as expressed in the *ac etiam*, calls for bail. The description of the process turns on the nature of the action, and the *ac etiam clause*. These being bailable, the process is so, without regard to the question, whether bail is, *in fact*, required, or not. We are, accordingly, of opinion, that the declaration is irregular.

UTICA,
August, 1823.

BELL
v.
CARRELL.

Motion granted.

NOTE. Mr. *Paige* also urged in this case, and made it a part of his motion, that the *capias* should be set aside, also, as being against several defendants jointly, some of them in *their own right*, and others *en autre droit*. The Court refused to grant this part of the motion, by confining the rule to the declaration. On this point, *Paige* referred to 1 *Ch. Pl.* 37; 1 *Dunlaps's Pr.* 33; *Hall* v. *Huffam*, (2 *Lev.* 228;) *Vin. Abr. Actions, Joinder*, (C. d.) *pl.* 5 and 6. It was probably deemed unnecessary, by the Court, to notice this part of the application, because, by setting aside the declaration, they put the plaintiffs to declare *de novo*, against all the defendants, in which case the mis-joinder, if any, must be carried forward into the declaration, and give the defendant full benefit of this objection, upon demurrer, or plea, according to the case there made by the plaintiffs. Indeed, this seems, by the authorities cited, to be the proper mode by which to take advantage of such a mis-joinder.