# SUPREME COURT.

## WALKER agt. HUBBARD et al.

Where a summons was issued without any reference to the *court* in which the action was pending—no court whatever being named in it; and a complaint was subsequently issued in which there was no reference whatever to any court except in the title, which commenced "Sup. Court." *Held,* that the complaint sufficiently named the court under § 142. And the summons might be amended under §§ 173, 176.

*Albany Special Term, Oct.* 1849.—In this case, among other objections taken to plaintiff's proceedings, it was insisted that the summons was irregular in not stating in what court the action was pending. No court whatever was named in the summons. It was answered that the code did not require this, nor were the forms so in our new books of practice.

A complaint had also been subsequently served, in which no reference to any court was made, except that the title began "Sup. Court," &c.

R. W. PECKHAM, *for the motion to set aside the proceedings.*

A. TABER, *contra.*

HAND, Justice.—We have two courts with concurrent jurisdiction of certain matters, as foreclosure of mortgages, partition, &c. (§ 30.) The

proceedings in foreclosure are commenced by summons and may be so in partition. (§§ 129, 130, 448.) And also in some other proceedings under § 30. It seems reasonable, as well as analogous to all former practice, that the defendant should know in what court he is sued. The statute plainly implies this where the action is not a contract for the recovery of money only, for then the summons must state that " the plaintiff will apply to the court for the relief demanded in the complaint." (§ 129.) The defendant may wish to look to the cause without answering, and without delaying it by demanding a copy of the complaint. (§§ 130, 1, 246.) And now, by the amended code, the complaint and summons do not necessarily go together. (§ 130.) It is better to have uniformity in the practice, whether the action be on contract or not.

The title of the cause in the complaint sufficiently named the court under § 142.

It is insisted that the plaintiff cannot amend. I have no doubt of the power of the court to amend the summons, (§§ 173, 176,) in such a case. It is not analogous to a case where all reference to the court is omitted in the complaint, in violation of the statute, especially where there are several courts having concurrent jurisdiction.

The motion to set aside the summons and subsequent proceedings must be granted with $7 costs, unless within twenty days the plaintiff amends the summons by inserting the name of the court in which the defendant is required to appear, which he is permitted to do on payment of $7 costs.

Motion granted, but with leave to amend, &c.