## SUPREME COURT.

TRAVIS AND OTHERS agt. TOBIAS, McGREGOR AND REYNOLDS.

In actions where the defendant is not held to bail, several persons may be named in the summons, and the plaintiff may deliver a complaint against only the one upon whom the process is served, omitting the names of the other defendants, mentioned in the summons.

In an action arising on contract for the recovery of money, where the complaint seeks to vacate an agreement extending the time of payment, for fraud, and to obtain an immediate judgment for the whole demand, the plaintiff should insert in the summons, according to the 2d subdivision of § 129, *that if the defendant fails to answer, &c., the plaintiff will apply to the court for the relief demanded by the complaint.*

*Washington Special Term, February* 1851. In November 1850, the plaintiffs issued a summons in this action, and stated therein that if *the defendants failed to answer the complaint, the plaintiffs would apply to the court for the relief demanded in the complaint,* being the clause required by the 2d subdivision of § 129 of the Code. The plaintiffs also applied to the county judge of Washington county and obtained on the 13th November 1850, an attachment under § 227 of the Code, against the defendants as non residents of this state. On the 23d November, the summons and attachment were served on the defendant Tobias, at Whitehall in Washington county, personally. No process has been served upon either of the other defendants, nor was any property taken on the attachment. It was served by giving a copy of the summons to the defendant Tobias. On the 3d February the plaintiffs' attorney served a copy of the complaint on the

Travis and others agt, Tobias and others.

attorney of Tobias. The complaint was against Tobias alone, on a contract for the purchase of a vessel sold and delivered by the plaintiff to the said Tobias in 1848, for the sum of twelve hundred dollars. The complaint alleges that the sale was on a credit; one third of the purchase money to be paid in one year, one third in two years, and one third in three years; the said payments to be secured by the promissory notes of the defendant, together with McGregor and Reynolds as sureties. It alleges that the vessel was delivered to the defendant Tobias, and he delivered to the plaintiffs three promissory notes payable according to the terms of the contract, and purporting to be signed by McGregor and Reynolds, but that in fact neither note was signed by *the* McGregor and Reynolds agreed upon, but by other persons of the same name, who were worthless and irresponsible men. It also alleges that the notes were forgeries, and it charges that the defendant Tobias is liable to pay for the said vessel immediately, the whole purchase money with interest.

The defendant Tobias, now moves to set aside the summons, and that the defendants have judgment dismissing the complaint, with costs of the motion, and the defendants' costs in the action, on the ground that the notice contained in the summons should have been under the 1st subdivision of § 129, instead of the 2d subdivision; and on the ground that the parties have been improperly changed, and on the ground of the neglect of the plaintiff to serve a complaint against *all* the defendants, and for other or further order, &c.

O. F. DAVIS, for the motion, cites *Code*, § 129, 227; Russell agt. Spear, 5 *How. Pr. R.* 142; 4 *id.* 306; *Code*, § 274.

MR. POTTER, *Contra.*

WILLARD, Justice.—1. The first objection is that the summons is against three persons, and the complaint against one alone. Under the former practice where the writ did not require special bail, several persons might be named as defendants, and the plaintiff might declare and proceed against any one of them separately (Roosevelt vs. Soulden, 16 *J. R.* 44; Montgomery vs. Hasbrouck, 3 *id.* 538). Such was also the English practice (4 *T. R.* 696, 697; 5 *id.* 722). But in bailable actions when the

Travis and others agt Tobias and others.

defendant was held to bail, the plaintiff was bound to pursue the process in his declaration, and if he failed to do so the court would set aside the proceedings for irregularity (Rogers vs. Rogers, 4 *J. R.* 485); and even in such actions, although the defendant was not held to bail, the proceedings would be set aside if the declaration departed from the writ with respect to the number of the defendants (Bell vs. Carroll 1 *Cow.* 193; *En. Pr.* 601, *3d ed.*).

There is nothing in the Code which prevents the application of these principles to an action commenced by summons. It is not perceived how the defendant on whom the summons is served, can be prejudiced by the plaintiff's failing to proceed against the other defendants named in it. I think the plaintiffs are regular in delivering a complaint against the defendant on whom the process was served, omitting the names of the other defendants mentioned in the summons. This is a different question from that decided in Russell agt. Spear (5 *How. Pr. R.* 142).

2. The defendant Tobias, has no right to ask the court to dismiss the complaint, with costs in favor of the other defendants, under § 274. It is for those defendants to make the motion and not for Tobias. Those defendants have not appeared and are non residents of the state. Whether the plaintiffs will proceed against them or not, can not affect Tobias. Indeed, it appears by the plaintiffs' affidavit that they have no intention of proceeding against them. It will be time enough to decide the question when *they* invoke the aid of the court.

3. The action being on a contract for the recovery of money only, it is urged that the notice in the summons should have been under the 1st subdivision of § 129, that the plaintiffs would take *judgment for a specified sum*, rather than under the 2d subdivision, that they would apply *to the court for the relief demanded in the complaint*. The defendant has an interest in this question; for if the judgment may be obtained without application to the court, under the first subdivision, the plaintiffs' costs are only seven dollars; whereas they are twelve dollars, if judgment can only be taken on application to the court. In other respects the latter alternative is more favorable to the defendant than the former, since it gives him a longer time and will insure a closer

Travis and others agt. Tobias and others.

scrutiny of the claim against him. If the form of the summons is not conclusive on the clerk as to the amount of costs, as I think it is not, the defendants can not be in truth prejudiced by the substitution of the latter clause for the former, in the summons. Nevertheless it is desirable that the forms given in the Code should be followed, whether a departure from them be injurious or not.

There was color in this case for supposing that an application to the court for judgment would be necessary, in case the defendants failed to answer. The contract actually made between the parties had not expired when the suit was commenced, and had two years more to run. It was only by annulling that contract for fraud, that the plaintiff could be entitled to an immediate judgment for the value of the sloop. I incline to think they might have disregarded the contract and declared for the value of the sloop under a count for goods sold, or declared specially as they have, on the special agreement, stating the breach to be the fraudulent non-fulfillment of the contract with respect to procuring the security. In such case the damages are not limited to the contract price of the vessel and interest, but may exceed it. The amended complaint is so drawn, and I think the case will warrant that mode of declaring; and if so, the summons is right. But if the summons was wrong it might be amended, according to Walker agt. Hubbard, 4 *How. Pr. Rep.* 154; (*Code*, § 173, 176).

4. It has been urged on the argument that the warrant of attachment should be set aside. The attachment was issued against three defendants and the complaint is against one only.

The action was commenced by the service of the summons on Tobias (*Code*, § 127). Whether the warrant of attachment be sustained or set aside, can not affect the regularity of the action. It has not been levied on any property. I think it may, in this case, be treated as abandoned by the plaintiffs as to all the defendants but Tobias. They have proceeded upon the personal service of the summons upon Tobias, and against him alone. The notice of motion does not ask to set aside the warrant of attachment. The court may, however, set it aside under the prayer for other relief. But in each case it should be set aside without costs.

On the whole, I think the warrant of attachment should be set aside, except as to Tobias, and the remainder of the motion on the part of the defendant be denied.

The warrant is to remain in force as against Tobias.