# SUPREME COURT.

## Jonah Hemson agt. Jonah D. Decker.

In all cases when the action is not upon a money demand, or obligation for the payment of money, when the damages can be ascertained by a simple computation of interest, the *notice in the summons* should be under *sub.* 2, *of section* 129 of the Code.

Where the notice in the summons is under subdivision 2, of section 129, and the *complaint* sets out a cause of action *in equity*, but demands judgment for a *specific sum of money*, containing also a prayer for general relief, the complaint cannot be *set aside* as a departure from the summons. The court can give a proper judgment upon it under the *prayer for general relief*.

*It seems*, that in all cases where the notice in the summons is under subdivision 2, section 129, the plaintiff is at liberty to declare for *any cause of action*, precisely as under the former practice he was at liberty to do when there was no *ac etiam* clause in the *capias*. There can be no departure from the writ in the complaint in such case.

But where the notice in the summons is under subdivision 1, section 129, and the actions or causes of action arise upon money demands, the *complaint must follow the summons*, corresponding with the former practice when the defendant was brought into court upon a *capias ad respondendum*, where the plaintiff in declaring was bound to pursue the *cause of action* set forth in the *ac etiam* clause of the writ, and if he did not it was an *irregularity* which the defendant might take advantage of by motion to set aside the proceedings.

A *prayer for general relief* will not be struck out of a complaint in any case. A good cause of action fully set out in a complaint is not vitiated by an *inappropriate prayer*; nor can a *complaint* be struck out for such reason, and particularly where there is a prayer for *general relief*. The general prayer cures any defect in the *specific prayer*, and enables the court to give proper relief, and may be inserted for that purpose in every complaint, and is always proper and appropriate.

*Monroe Special Term, March,* 1865.

Motion to strike out complaint for departure from summons. The complaint stated that plaintiff and defendant were engaged in several speculations in the purchase and sale of wheat and flour, as partners; that there was a loss sustained in their operations, and that the defendant's portion of such loss amounted to $404.70, over and above all his advances, claims and offsets, and demands judgment for that sum, together with a prayer for such further or other relief as to the court might seem proper. The sum-

mons was under the second subdivision of section 129, concluding with a notice that in case the defendant failed to answer the complaint the plaintiff would apply to the court for the relief demanded.

The defendant appeared in the action, and gave notice of a motion to strike out the complaint, on the ground of its departure from the summons, and also to strike out the prayer for general relief.

G. F. DANFORTH, *for motion.*
J. FULLER, *for plaintiff.*

E. DARWIN SMITH, J. The summons in this case contains the notice prescribed in subdivision No. 2, of section 129 of the Code, stating that if the defendant fails to answer, the plaintiff will apply to the court for the relief demanded by the complaint. This is the proper form of the notice to be inserted in the summons in all cases when the action is not upon a money demand or obligation for the payment of money, when the damages can be ascertained by a simple computation of interest. In all cases where the damages are to be proved or assessed upon evidence or extrinsic facts, aside from the contract sued upon, the notice must be under the second subdivision of the section. The cause of action set out in the complaint in this action belongs to this last class. The damages can only be ascertained or assessed by proof of a variety of facts. If no answer were put in to this complaint it would be irregular to enter up a judgment without an assessment of damages, and this would have been so if the notice in the complaint had been under the first subdivision of section 129 (*Cobb* agt. *Dunkin,* 14 *How.* 164, *and Tuttle* agt. *Smith, Id.* 395). The summons, therefore, is in the right form. The complaint so far as it relates to the cause of action set out in it, conforms to the summons. But in the prayer the complaint demands judgment for a specific sum

of money, $404.76, and for such further or other relief as to the court shall seem proper. The question is, whether this prayer in the complaint constitutes a departure of the complaint from the summons. The complaint must follow the summons. So far as relates to the first subdivision of section 129, and to actions or causes of action arising upon money demands, this is clearly so. The design of this requirement in the summons was two fold; to allow plaintiffs upon money demands to take judgment without application to the court, and to apprise defendants of the precise claim against them, so that they might safely allow such judgment to pass against them by default. This corresponds with the former practice, when the defendant was brought into court upon the service of a *capias ad respondendum*. The plaintiff in such cases in declaring, was bound to pursue the cause of action set forth in the *ac etiam* clause of the writ, and if he did not, it was an irregularity of which the defendant might take advantage by motion to set aside the proceedings. It was a departure from the writ to set out any other cause of action in the declaration. (*Graham's Pr.* 119; 4 *John.* 485; 1 *Cow.* 193.) But this reason has no application to the case where the plaintiff gives the notice required in the second subdivision of section 129, that he will apply to the court for the relief demanded by the complaint. In such case it has always seemed to me the plaintiff was at liberty to declare for any cause of action, precisely as under the former practice he was at liberty to do when there was no *ac etiam* clause in the *capias*. The *ac etiam* clause was only necessary and inserted in the writ for the purpose of bail, as no person could be held to bail unless the true cause of action were inserted in the writ. When in the summons there is no specific demand set out, or notice of claim to take judgment for a specific amount, there can be strictly no departure from the summons in setting out in the complaint any proper cause of action. When the notice in the summons

is that the plaintiff will apply to the court for the relief demanded, the defendant is distinctly apprised that judgment will not pass against him without the order and direction of the court, and when the complaint is served with the summons, he is apprised particularly of the claim the plaintiff makes against him, and may appear or not as he pleases, and he may safely let judgment go by default in such case if the claim is just, because under section 275 of the Code, the relief given in such case cannot exceed that which shall be demanded in the complaint. I cannot see how it can be said that when a summons is under the second subdivision of section 129, there can be any departure from the writ in the complaint. The notice under that subdivision states or indicates no cause of action. It is as vague and indefinite as the *capias* was without an *ac etiam* clause. A dictum to the contrary of this view is contained in *Campbell* agt. *White* (21 *How.* 13), but the point was not before the court, and the cases referred to are mostly, if not all, cases arising under the first subdivision of section 129, where I concede there may be a departure from the writ. In *Cobb* agt. *Dunkin* (19 *How.* 164), the summons was under the first subdivision of section 129, and the complaint set out a cause of action not following the summons, and not properly arising upon a money demand, and we set aside the judgment. The defendant was or might have been injured by the departure. In the case of *Kidder* agt. *Whitlock* (12 *How.* 208), which is a leading case on this subject, the summons was under the first subdivision. So was the case of *Johnson* agt. *Paul* (14 *How.* 454). In *Shafer* agt. *Barton* (15 *How.* 564), Judge MASON follows this case, and very properly. The notice in the summons was under the first subdivision, and the cause of action was one in equity, in the nature of a creditor's bill. Judge MASON said : " When the cause of action is of a different nature from that stated in the summons, the complaint will be set aside." This was right,

Hemson agt. Decker.

because in that case a cause of action was stated or indicated by the summons. If there be any case where the complaint has been set aside, where the notice was under the second subdivision, I think it must have been made without considering particularly the essential difference there is between the notice under the first and under the second subdivision of section 129.

In this case the special prayer, I think, is inapt under the complaint. The cause of action is for an account as between partners, and is essentially an action in equity. The plaintiff avers that the defendant is liable to him as copartner, in the sum of $404.70, and the prayer is that he may have judgment for that sum, with costs, and for further or other relief. The prayer is an appropriate one in actions at law, as for a balance struck or amount liquidated, which is not averred, but I do not think I can set aside the complaint for this reason. A good cause of action is set out in the complaint, and the court can give a proper judgment upon it under the prayer for general relief. The case is very much like that of *Emory* agt. *Pease* (24 *N. Y.* 62). That was a case like this, between partners, and there was no averment that an account had been taken or balance struck. The plaintiff demanded judgment in the complaint for a particular sum, $6,544.62, and interest. At the circuit the complaint was dismissed, the judge holding that the plaintiff should have brought his action for an accounting. The court of appeals reversed the judgment, Judge COMSTOCK saying: "that relief was now to be given consistent with the facts stated, although it was not the relief specifically demanded." He said, also, that a suit does not now fail because the plaintiff has made a mistake as to the form of the remedy. (*See also The New York Ice Co.* agt. *The Northwestern Insurance Co.* 25 *N. Y.* 358.) There is, also, coupled with this motion, a notice to strike out the prayer for general relief. I do not think this part of the motion should be granted. I do not see why a plaintiff

may not, in addition to his prayer for specific relief, always insert this general prayer. It was the remark of a learned chancellor, that it was the best prayer ever devised except the Lord's prayer, and I can see no reason for striking it out of a complaint in any case. I do not think a good cause of action fully set out in a complaint is vitiated by an inappropriate prayer, or that a complaint can be struck out for such reason, and particularly where there is a prayer for general relief, as in this case. The prayer for general relief in such case is sufficient to cure any defect in the specific prayer, and enable the court to give proper relief, and I think it may be inserted for that purpose in every complaint, and is always proper and appropriate.

The motion must, therefore, be denied, but as the plaintiff's attorney proposes to amend, and waived costs, without costs.