WILLIAM D. CEAS, Respondent, *v.* JEROME PEASE, Appellant.

County Court, Delaware County, May 29, 1941.

*Lynn E. Dreyfus,* for the appellant.

*Hamilton J. Hewitt,* for the respondent.

O'CONNOR, J   This is an appeal from a judgment by default rendered by the justice in favor of the plaintiff against the defendant.  The sole ground of the appeal is that the summons which was served upon the defendant was not in conformity with section 45 of the Justice Court Act.

The summons reads as follows:

" COUNTY OF DELAWARE
TOWN OF KORTRIGHT } *ss:*

" The People of the State of New York, to any Constable of said County,

" Greeting:

" YOU ARE HEREBY COMMANDED TO SUMMON Jerome Pease, the defendant, to appear before the undersigned, a Justice of the Peace of said Town at his office in said Town on the 29th day of March 1941, at 1:30 o'clock in the afternoon, to answer the complaint of W. D. Ceas plaintiff, in a civil action.

" Dated at the town aforesaid, this
21 day of March, 1941.                    W. J. PLOUTZ
                                    " *Justice of the Peace.*"

A verified complaint was served with the summons.  On the return day the plaintiff appeared in person.  The defendant by his attorney appeared specially and moved that the action be dismissed on the ground that the Justice's Court had not properly obtained jurisdiction of the person of the defendant in that the summons did not comply with the provisions of section 45 of the Justice Court Act.  The defendant did not answer or appear further in

the matter and the justice denied the motion and entered judgment on the verified complaint for the sum of $175.10 damages and costs.

The form of the summons used was that provided by section 45 of the Justice Court Act, prior to its amendment taking effect September 1, 1933. While the summons used is not in the form set forth in section 45, as amended, it does contain the names of the parties, the name of the justice of peace before whom and the town in which it was returnable and is subscribed by the justice of peace, as provided in that section.

The defect concerning which the appellant complains most seriously is that it did not contain a statement that in case of defendant's default in answering judgment would be taken against him for the relief demanded in the complaint. The defendant was informed by the verified complaint of the cause of action which the plaintiff claimed he had against him and of the amount for which he demanded judgment. He employed an attorney who appeared specially and raised the objection to the jurisdiction of the court on account of the form of the summons.

If it is held that the court had no jurisdiction because of the defective form of the summons, the plaintiff will have no redress, *first*, because his cause of action will be barred by the Statute of Limitations, and, *second*, because the refusal of the justice to grant defendant's motion to dismiss the action is a question of law, and the matter cannot be sent back to the Justice's Court. (*Papenmeyer* v. *Roddy*, 145 App. Div. 579.)

The defendant elected to stand upon the defect in the summons instead of waiving any defects and going to trial upon the merits. The appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. (Justice Ct. Act, § 451.) By appearing specially by an attorney for the purpose of having the objection raised as to the defect in the summons instead of interposing an answer and going to trial, defendant took the chance that in case the objection raised by his attorney was not sustained by the appellate court, the judgment rendered by the justice would be affirmed and he would be deprived of an opportunity to have a trial on the merits. In my opinion the defect is not jurisdictional and is not such a defect or error which affects the merits. (*Jarvis* v. *Lavine*, 200 App. Div. 552; *Schack* v. *Bryan*, 118 Misc. 90; *Siccardi* v. *Ajello*, 117 id. 118.)

The judgment of the justice is affirmed, with fifteen dollars costs on appeal. An order may be entered accordingly.