SEARS, ROEBUCK & Co., Plaintiff, *v.* STANLEY PODGORNY et al., Defendants.

Supreme Court, Special Term, Seneca County, January 7, 1952.

*Henry Wm. Koch* for Mary Podgorny, defendant.

*Robert E. Horton* for plaintiff.

BLAUVELT, J.  Defendant Mary Podgorny moves to dismiss the summons with notice served upon her in this action on the grounds that the summons does not comply with the requirements of rule 45 of the Rules of Civil Practice, as amended. Specifically, the defendant contends that the summons does not state (1) the county where plaintiff resides; (2) the address of the plaintiff; (3) the county which the plaintiff designates as the place of trial.

There is no merit in defendant's claims as to her points numbered (2) and (3) above.  Rule 45 of the Rules of Civil Practice does not require the address of plaintiff to be stated in the summons.  The statement in the summons — " Trial to be held in the County of Seneca " — sufficiently complies with the requirement of rule 45 that the summons shall state the county designated by the plaintiff as the place of trial.

Defendant is correct in her contention that the summons does not comply with the recently amended rule 45 (1949) as it omits to state " the county where plaintiff resides ".  However, defendant may not raise this objection under the facts of this case.

After having been served with the summons, which is defective in form, this defendant appeared generally in the action by filing through her attorney a notice of appearance and demanding a copy of the complaint; she also appears generally and not

specially on this present motion. Such a voluntary general appearance of the defendant is equivalent to personal service of a summons upon her, adequate in form. (Civ. Prac. Act, § 237.)

By failing to appear specially and raising the objection that the process was insufficient in form, defendant has waived the objection. If there was any doubt about such being the law of this State, such doubt has been resolved by the addition to our statutes of section 237-a of the Civil Practice Act. (L. 1951, ch. 729, eff. Sept. 1, 1951; see, also, Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 58-64.)

If defendant desires to be furnished with the address and residence of the plaintiff, she may serve a demand for the disclosure of such information in accordance with rule 9-a of the Rules of Civil Practice.

Motion of defendant denied.

Submit order.