Robert V. Santangelo, J.
This is a motion by the defendant appearing specially to vacate the service of the summons upon it and to dismiss the action upon the ground that the summons does not comply with the requirements of the New York City Civil Court Act and of the rules of this court. The plaintiff *1048 served the usual Supreme Court summons accompanying the complaint, which directs the defendant “ to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff’s attorney.” The 10-day provision for answering, found in subdivision (a) of section 29 of the New York Civil Court Act has been complied with, but the difficulty with this summons is that the defendant is directed to serve his answer upon the attorney for the plaintiff instead of appearing and answering before the Clerk, as is required by the same subdivision of the same section of the act and by subdivision (a) of rule II of the Rules of the New York City Civil Court. There is no question that the summons is defective since answer must be made before the Clerk rather than by service of a copy thereof upon the plaintiff’s attorney. However, the defect is deemed to be amendable and not jurisdictional (cf. Hull v. Canandaigua Elec. Light & R. R. Co., 55 App. Div. 419; Elder v. Morse, 214 App. Div. 632, citing, among other cases, Gribbon v. Freel, 93 N. Y. 93; Hober v. Reikert, 97 Misc. 637; Siccardi v. Ajello, 117 Misc. 118; Schack v. Bryan, 118 Misc. 90; Companelli v. Romono, 140 Misc. 72; Ceas v. Pease, 176 Misc. 630; Krulewitch v. Pecarsky, 159 N. Y. S. 827; Sommer v. Salem Oil & Grease Co., 78 N. Y. S. 2d 824; Walker v. Hubbard, 4 How. Pr. 154; see, also, Foster v. Wood, 30 How. Pr. 284). In view of the contentions of the respective counsel, rule II of the Rules of the New York City Civil Court should be explained. If no relief is sought other than the recovery of a sum of money the form set forth in subdivision (a) may be followed as an example, provided that no complaint accompanies the service of the summons. If, however, the complaint is served with the summons, that is, if there be a formal complaint which is served upon defendant at the same time that the summons is served upon him, it will suffice for the summons to state “ that upon the failure of the defendant to answer, judgment will be entered for the relief demanded in the complaint.” In the case in hand, a formal complaint did in fact accompany the summons and, therefore, that part of the summons which reads ‘ ‘ in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the complaint ” is entirely proper and in accord with the requirements of subdivision (b) of rule II of the rules of this court. It may also be observed parenthetically that if the service of the summons is unaccompanied by a formal complaint and if l< relief in addition to or other than the recovery of a sum of money is sought, the summons will specify such relief in *1049 detail” (Rules N. Y. City Civ. CL, rule II, subd. [b]). It is found, therefore, that the present summons which was served together Avith the complaint is defective in the respect only that it requires the defendant to serve his answer upon the attorney for the plaintiff instead of answering before the Clerk of the court. As the defendant was in no wise misled this defect is, in the court’s view of the case, amendable. However, no motion to amend has been made. Accordingly, the motion to dismiss the action on the ground of lack of service of a summons in proper form is granted unless the summons be amended, upon motion duly made within 20 days from date of publication of this order in the Neto YorJc Law Journal. Any notice of motion to amend shall be made upon notice served personally upon the defendant inasmuch as his attorney appears specially and it is therefore, considered that service of such a notice of motion should not be made upon him but upon the defendant. If a motion to amend is not made within the time above provided and if it is not granted, judgment of dismissal may then be entered in favor of the defendant, which, of course, shall be without prejudice to the institution of an action upon service of a proper summons.