Edward G. Baker, J.
Motion to set aside service of summons. A prior action had been commenced in which, on December 20, 1960, an order was made striking the complaint unless plaintiffs appear for an examination before trial on January 4, 1961. On January 9, 1961, judgment striking the complaint was entered on proof that plaintiffs had not so appeared. The complaint was stricken pursuant to the provisions of section 299 of the Civil Practice Act for willful failure of plaintiffs to appear for examination before trial. The dismissal of the complaint was not on the merits or for failure to prosecute the action within the meaning of section 23 of the Civil Practice Act.
Pursuant to that section, plaintiffs had one year in which to commence another action. The last day of that year was January 9,1962 (General Construction Law, § 20; Metropolitan Life Ins. Co. v. Schmidt, 299 N. Y. 428). The summons was delivered to the Sheriff for service on defendant on January 9, 1962, and was served on January 17, 1962. By virtue of the provisions of section 17 of the Civil Practice Act the action was commenced on January 9,1962, the last day of the one-year period as specified in section 23 of the Civil Practice Act.
The summons was indorsed with the name of plaintiffs ’ prior attorney who was disbarred by order of the Appellate Division dated and entered December 27, 1961 effective as of the date of entry, as I am informed by the District Attorney, he having been designated to bring the disciplinary proceedings (see Matter of Silver v. Goldner, 15 A D 2d 558).
The fact that the summons bore the name of a disbarred attorney is an irregularity only, and may be cured by amendment to *623 indicate that the action was instituted by the parties in person or by attorneys qualified to practice; or if no substantial right of defendant is prejudiced thereby, it may be disregarded (3 Carmody-Wait, New York Practice, § 36, p. 133; § 40, p. 138). It will be disregarded here since it is apparent that defendant had notice that the opposing attorney in fact represents plaintiffs in this action (see affidavit of service of motion papers).
Motion denied. Cross motion for an order directing defendant to answer the complaint herein or in the alternative to set down the matter for inquest.
Defendant will be directed to answer within 20 days after service of the order to be entered on the motion and cross motion with notice of entry thereof; in the event of default in so answering the matter will be set down for a day certain for inquest.