Richard J. Cardamone, J.
This is a motion to strike a note of issue filed in the Supreme Court of Otsego County on the ground that it is an improper county.
This litigation arose as a result of the plaintiff, Evelyn Barron, falling off an allegedly defective stepladder in Biehfield Springs, Ostego County, New York, on June 26, 1963. The summons and complaint prepared in the plaintiffs’ attorney’s office in Herkimer County were served on the defendant on the 1st day of October, 1963. The caption on the summons states that the action is brought in “ Supreme Court, State of New York — County of Herkimer”. In the body of the summons it is stated, “ Trial to be held in the County of Herkimer”. Plaintiffs reside in Otsego County, New York. The complaint, which was attached to the summons and served simultaneously, in its caption sets the venue in Otsego County. In the body of the complaint, plaintiffs’ residence is stated to be in Otsego County as is the defendant’s place of residence and an allegation appears that this accident happened in Otsego County. The defendant, upon receiving these papers, had his attorneys interpose an answer which stated in its caption that the venue of the action was laid in Otsego County. At the same time, the defendant made a demand for a verified bill of particulars which was served on the plaintiffs’ attorney. Both of these pleadings also laid the venue of the action in Otsego County.
The question thus presented is whether the defendant may have the action stricken from the Otsego County Supreme Court Calendar on the face of the summons in the laying of the venue because of the designation of Herkimer County in the caption and body of the summons.
CPLR 305 (subd. [a]) provides that: “A summons shall specify the basis of the venue designated and if based upon the residence of the plaintiff it shall specify his address ”, and in *436 subdivision (e) it further provides that: “At any time, in its discretion and upon such terms as it deems just, the court may allow any summons * * * to be amended, if a substantial right of a party against whom the summons was issued is not prejudiced”. CPLR 2101 (subd. [f]) states: “A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given. The party on whom a paper is served shall be deemed to have waived objection to any defect in form unless, within two days after the receipt thereof, he returns the paper to the party serving it with a statement of particular objections ”. Here it is clear that the error was one of a clerical nature. Under the terms of the statute, the defendant not having objected within two days, is deemed to have waived any objection to the form of the summons. (CPLR 2101, subd. [f]; Jaworower v. Rovere, 177 App. Div. 740; Sears, Roebuck & Co. v. Podgorny, 200 Misc. 934.) Generally speaking, the complaint controls the place of venue where there is any conflict between the complaint and the summons. (Tolhurst v. Howard, 94 App. Div. 439, 443.) No prejudice has been claimed, nor could any be shown here, where all parties reside in Otsego County, the accident occurred there, and the defendant’s attorney has interposed responsive pleadings laying venue in Otsego County, without objection. The summons should be amended to conform to the complaint, answer and all of the other pleadings in this action and such is ordered, nunc pro tunc, as of the date of its service. (CPLR 305, subd. [c]; Brooklyn Bldg. Material Co. v. De Goods, 123 Misc. 917.)
Accordingly, defendant’s motion is denied, without costs.