■ NEMS ENTERPRISES, LTD., Appellant, v. SELTAEB, INC., et al., Respondents.— Order entered June 25, 1965, granting a motion to vacate the second amended complaint, unanimously affirmed, without costs or disbursements. It is apparent from the record that the attorneys for the parties in this case became engulfed in a procedural morass, which resulted in needless and futile proceedings. Their predicament stemmed mainly from the failure to recognize, until the order appealed from was entered, that a dismissal of the original complaint — for plaintiff's failure to appear for a pretrial examination — had, for all purposes, terminated the main action, leaving surviving only the counterclaims which have been served. Consequently, the dismissal of the complaint rendered ineffectual any pleadings and the main action could not be kept alive by any acts on the part of the attorneys or decisions by Special Term Justices not fully apprised of the defunct status of the action. It was, therefore, properly held that since plaintiff obtained no relief from the order of May 25, 1965, dismissing the complaint, plaintiff was deprived of the opportunity to continue the main action, and any amended complaint thereafter served would have to be dismissed. Since respondents have argued that the dismissal of the complaint herein bars the commencement of a new action, we have considered that question, and reject any such contention. The order of May 25, 1965, does not specify that the dismissal is on the merits. Hence, it may not be considered as a dismissal on the merits. (CPLR 3216, 5013; see, also, *Gundershein* v. *Bradley-Mahony Coal Corp.,* 295 N. Y. 539.) In *Data-Guide* v. *American R. D. M. Corp.* (18 A D 2d 995) this court held that a dismissal of an action by reason of failure to comply with directions of the court for the production of evidence upon a pretrial deposition, was not a dismissal on the merits, where the order of dismissal did not so declare it, and did not bar the commencement of a subsequent action for the same cause. Hence, plaintiff herein may commence a new action. Since no question of the applicability of the Statute of Limitations is presented, we need not pass on the effect of CPLR 205 upon the right to commence the new action. The problem under such circumstances would be whether the dismissal of the complaint was one " for neglect to prosecute the action " so as to bar the commencement of a new action within six months after termination of the prior action. That is a different question from the one posed by the applicability of CPLR 3216 and 5013. (See *Buchholz* v. *United States Fire Ins. Co.,* 269 App. Div. 49.) It is to be noted, however, that in *Micera* v. *Ciccotta* (40 Misc 2d 622) and *Marco* v. *Dulles* (177 F. Supp. 533) it was held that the dismissal of a complaint for failure to appear for pretrial examination did not constitute a dismissal for failure to prosecute under the provisions of former section 23 of the Civil Practice Act — which are now contained in CPLR 205. (But cf. *Schuman* v.

*Hertz Corp.*, 23 A D 2d 646.) The action continues as to the counterclaim. Order entered on June 28, 1965, unanimously affirmed, without costs or disbursements. No opinion. Settle order on notice. Concur—Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.