Richard J. Cardamone, J.
This motion is brought to declare a summons dated and served on the defendant City of Utica on October 7, 1968 a nullity.
The basis for the motion is the death of the plaintiffs’ attorney (whose name appears on the summons in that capacity) on October 6,1968 the date preceding service. The summons, which is the ordinary printed form, has the date “ 7 ” “ Oct.” “ 68 ” inserted handwritten in ink. A letter from the Corporation Counsel’s office to the insurance carrier dated November 29, 1968 states that the summons was served “ on Fred Nassar, Corporation Counsel ’ ’ on October 7, 1968.
The underlying cause of action arose as a result of an accident on July 12, 1967 between a city police car and plaintiff Wilkerson’s vehicle which was being operated at the time by Stubbs. Timely notice of claim was served on the defendant city on September 5, 1967 by the late Anthony J. Fernicola, as attorney for claimants; an examination before trial was held on November 22,1967 at the request of the city at which attorney Fernicola was present.
Following attorney Fernicola’s death his widow was appointed executrix and retained attorneys A. Thomas Longeretta, Esq., and Jacob Groldbas, Esq., attorneys in Utica, to act as attorneys for the estate. A notice was sent by Messrs. Longeretta and Groldbas to every client of Mr. Fernicola’s advising them to retain other counsel.
Both claimants in this matter retained the firm of Longeretta and Longeretta, Esqs. on December 20, 1968. The present motion dated January 15, 1969 was received by attorney Longeretta on January 23, 1969.
The time limitation for commencing this action was one year and ninety days after the happening of the event (General Municipal Law, § 50-i, subd. 1, par. [c]) or no later than October 10, 1968.
A contract for employment of an attorney to provide legal services is personal in nature and terminates upon the death of the attorney. (Sargent v. McLeod, 209 N. Y. 360.) However, CPLR 321 (subd. [c]) provides that if an attorney dies at any time before judgment, no further proceeding shall be *866 taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has 'been served upon that party either personally or in such manner as the court directs. The purpose of this section is to afford a litigant deprived of the services of an attorney because of no fault of his own a reasonable opportunity to obtain new counsel before any further proceedings are taken in the action. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 321.21.)
Where a summons has been placed in the hands of a person authorized to serve it and with a bona fide intent to have it served, then its service is proper even though subsequent to that time the attorney dies. (Mills v. Corbett, 8 How. Prac. 500; 3 Carmody-Wait, 2d, New York Practice, § 24:12, p. 661.)
CPLR 305 (subd. [c]) provides that “At any time, in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced ”. In the Second Preliminary Report of the Advisory Committee on Practice and Procedure, dated February 15, 1958, the Advisors stated in the Notes at page 154 that this section was in accord with sections 105 and 109 of the Civil Practice Act and the rule that an unsubstantial defect may be disregarded. The Advisors cited Valz v. Sheepshead Bay Bungalow Corp. (249 N. Y. 122), which held that the failure to publish a summons in two newspapers designated in an order was a defect only as to form, which could be cured by amendment and was not an incurable jurisdictional defect. The Advisors further commented “ This subdivision is designated to eliminate any vestige of a doctrine of strict construction and makes the only test one of ‘ prejudice ’ ”.
Here the claim is that the handwritten date on the summons is one day subsequent to the date of the death of the plaintiff’s attorney. However, even if the plaintiffs’ attorney’s name had not appeared on the summons, such would have been a mere irregularity and the variance between the date of the original and a copy of the summons may be corrected by amendment (3 Carmody-Wait, 2d, New York Practice, § 24:35). A summons that bears the name of a disbarred attorney is a mere irregularity that may be corrected by amendment (Micera v. Ciccotta, 40 Misc 2d 622).
A history of this proceeding indicates a timely service of a notice of claim and an examination before trial, at the behest of the city, of the claimants. No prejudice is alleged or has been shown to affect the city’s position. The exact manner of *867 service of this summons has not been fully developed by the moving and opposing papers. It is clear, however, that the city received service and acknowledged the same on October 7, 1968, and thereafter (apparently because the summons was mislaid) no action was taken until November 29, 1968 when it forwarded the summons to its insurance carrier. Now the Statute of Limitations for the bringing of the action has expired (General Municipal Law, § 50-i, subd. 1, par. [c]). Clearly, the mandate of the section (CPLR 305, subd. [c]) is to be liberally construed. Particularly is this so where, as here, to refuse an amendment of a summons will prejudice the plaintiffs’ rights. Under these circumstances, the defect in the summons was an unsubstantial irregularity which may be cured by amendment. (Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 270; Barron v. Hadcox, 47 Misc 2d 435.)
Under all of these conditions, the service on the city is valid as of October 7, 1968. There are no jurisdictional defects and any other questions raised as to the manner and date of service of this summons are held to be held a mere irregularity.
Accordingly, the defendant’s motion to dismiss the plaintiffs’ summons as a nullity is denied, without costs.