Bentley Kassal, J.
This is a motion under CPLR 3213 for summary judgment based upon four promissory notes, instruments for the payment of money only. Pursuant to this section, plaintiff commenced the action by serving defendant with a summons and a notice of motion for summary judgment with supporting papers, in lieu of a complaint.
Defendant opposes the motion on two technical grounds only, namely, the summons is defective in that it does not comply with CCA, § 409 (subd. [a], par. 1) and with CCA rule 2900.2 (22 NYCRR 2900.2).
Section 409 (subd. [a], par. 1) requires a copy of the summons to be filed with the Clerk of the court within seven days after service within New York City. The summons here was filed on the seventh day after service and therefore satisfies the requirement of this section.
Defendant’s second objection is that the form of the summons fails to conform to the exact form of summons prescribed by *250 rule 2900.2. Technically, the defendant is correct: The typed form of summons used by the plaintiff here is official form 29 used in the Supreme Court for motions made under CPLR 3213 (22 NYCRR, Yol. [A], Appendix A-2, Form 29). It differs from the general Civil Court summons in that instead of expressly stating the place, time and amount of judgment obtainable on default, it refers the defendants to the terms and relief set forth in the annexed notice of motion served therewith.
I shall not deny this motion merely because of this claimed irregularity in form. It seems abundantly clear from the multiple provisions of the CPLR advocating their liberal construction and from cases on defective summons under the Civil Practice Act, which had formal requirements no less stringent, that “ mere irregularities ” (as opposed to “ jurisdictional defects ”) are to be disregarded by the court, if no substantial right of the defendant is prejudiced. (CPLR 2001, 305 (subd. [c]), 104, also 2101 ; Rosenfeld v. Morales, 112 N. Y. S. 2d 211 [Mun. Ct., Bronx, 2d Dist., 1952] ; Barth v. Owens, 178 Misc. 628 [N. Y. City Ct., Bronx County, 1942].)
CPLR 2001 provides that at any stage of an action a mistake or irregularity may be corrected, “ or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.” With particular reference to summonses, CPLR 305 (subd. [c]) gives the court discretion to “ allow any summons * * * to be amended * * * if a substantial right of a party against whom the summons issued is not prejudiced.” The notes following this section (McKinney’s Cons. Laws of N. Y., Book 7B) say that the legislative intent is to follow sections 105 and 109 of the Civil Practice Act and the rule that unsubstantial defects may be disregarded; the only test is one of ‘ ‘ prejudice. ’ ’
The summons issued by plaintiff fulfills the essential function of any summons, which is to apprise the defendant that an action is being brought against him and that unless he appears to defend, a judgment will be entered against him on default. Taken in conjunction with the accompanying notice of motion, this summons covers all essential elements required in Civil Court papers as well.
Moreover, the CCA (§ 1004, added in 1964) authorizes some modification in the form of summons to be used in connection with a CPLR 3213 motion. This section states in part: 1 ‘ The summons served with such motion papers shall instruct the defendant to answer as provided in the accompanying notice of motion. ’ ’
*251 No further defense, substantive or otherwise, is presented by-defendant and, therefore, no issues of fact are raised by the submitted papers.
Accordingly, plaintiff’s motion is granted. The Clerk is directed to enter judgment in favor of plaintiff as demanded in the notice of motion.