OPINION OF THE COURT
Martin E. Ritholtz, J.
Is the omission of the plaintiff’s residential address in a summons, in violation of CCA 401 (b), a jurisdictional defect mandating dismissal, or is it a nonjurisdictional defect which is amendable? Defendants’ instant motion to dismiss raises this issue, notwithstanding the conceded fact that the address *361 of plaintiff’s counsel is clearly indorsed on the face of the subject summons.
According to the defendants, CCA 401 (b) requires both that a summons "shall contain the residence address of the plaintiff and, if it is issued by the plaintiff’s attorney, the latter’s office address” (emphasis added). Defendants contend that "the omission of the plaintiff’s residence address stands as a jurisdictional defect”, relying upon a Nassau County District Court decision, entitled Fox & Sons v Steele (8 Misc 2d 530). The court independently researched this issue and found three other more recent lower court decisions which demanded strict compliance with CCA 401 (b), dismissing each respective action based on a jurisdictionally defective nonamendable summons. (See, Citibank v Gillaizeau, 132 Misc 2d 928; also see, Chalfonte Realty Corp. v Streator, Inc., 142 Misc 2d 501; Union Hosp. v Henry, 132 Misc 2d 1049.)
Nevertheless, the wonders of Westlaw enabled the court to find two Appellate Term decisions, which although more than 50 years old, appear to be the only appellate authority directly on point and persuasively binding on this date. In Hober v Reikert (97 Misc 637) the Appellate Term, First Department, reversed a lower court dismissal of an action which had been based on the omission of plaintiff’s address from the copy of the summons served upon the defendant, in violation of section 19 of the former Municipal Court Code. The Appellate Term held:
"[We] are of the opinion that the omission upon the copy summons served upon the defendant, of the address of the plaintiff, was a mere irregularity which did not divest the court of jurisdiction * * *
"The courts have always had power in some instances to amend their process and proceedings to cure defects on proper terms, and in other cases to disregard immaterial errors and defects * * * In considering the intention of the legislature in enacting that the address of the plaintiff must be stated upon the summons, we must remember that the residence of the plaintiff does not affect the jurisdiction of the court over the action but is material only if a motion is made to transfer the action to a different district * * * The defendant in the case at bar was in no way misled by the omission of the plaintiff’s address, and that is the test in the determination of a case of this character” (Hober v Reikert, 97 Misc, supra, at 639-642).
In Brooklyn Bldg. Material Co. v De Goods (123 Misc 917) the Appellate Term, First Department, held that the "summons *362 was amendable in so far as to correct an error in plaintiffs address”.
The general rule applicable here is succinctly set forth in 3A Carmody-Wait 2d, NY Prac § 24.82, at 553, as follows: "Since the purpose of the summons is to apprise the defendant that the plaintiff seeks judgment against him so that he may take such steps as may seem advisable to protect his interests, where the summons performs this function, even though it does not comply with all the statutory requirements, such summons is merely irregular and not void, and the court acquires jurisdiction of the case”. The only relatively recent lower court decision which held that the omission of a plaintiffs address on a summons does not render the summons jurisdictionally defective is Rock Wool Insulation Co. v Puma (46 Misc 2d 199, revd on other grounds 48 Misc 2d 193).
The purpose of this decision is to clearly set forth the appellate authority cited above, which is not mentioned in any of the more recent opinions. As to the other defects in a summons which have been deemed amendable and not jurisdictional, see Eminon Custom Bldrs. v Black (66 Misc 2d 249); Wilkerson v City of Utica (59 Misc 2d 864); Barron v Hadcox (47 Misc 2d 435); Williamson v Surenko Realities (37 Misc 2d 1047); and D'Alessandra v Manufacturers Cas. Ins. Co. (106 NYS2d 561).
In light of the foregoing, defendants’ motion to dismiss is denied. Pursuant to CPLR 305 (c) and 2001, the plaintiff shall amend the subject summons to include the "residence address of the plaintiff” so as to comply with CCA 401 (b). Said amended summons shall be served and filed within 20 days from the date of service of a copy of this order together with notice of entry (see, Lopez v Perry, 53 Misc 2d 445).