09-0585-cv
Hanrahan v. Riverhead Nursing Home

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: November 2, 2009                          Decided: January 25, 2010)

Docket No. 09-0585-cv

_____

DOLORES HANRAHAN,

*Plaintiff-Appellant,*

— v.—

RIVERHEAD NURSING HOME,

*Defendant-Appellee.*

_____

Before:

PARKER, HALL, AND LYNCH, *Circuit Judges.*

_____

Dolores Hanrahan filed an unsuccessful administrative complaint with the New York Division of Human Rights challenging her termination by Riverhead Nursing Home. The New York Supreme Court dismissed her petition for review of the administrative decision without prejudice for failure to join a necessary party. Hanrahan subsequently filed an

employment discrimination complaint in the United States District Court for the Eastern District of New York challenging her termination, which was dismissed on the ground that the state proceeding precluded her claims in federal court. She appeals the district court's dismissal.

VACATED AND REMANDED.

––––––––––––––

ANTHONY C. DONOFRIO, Massapequa, New York, *for Plaintiff-Appellant*.

ROGER H. BRITON, (Ian B. Bogaty, *on the brief*), Jackson Lewis LLP, Melville, New York, *for Defendant-Appellee*.

––––––––––––––

GERARD E. LYNCH, *Circuit Judge*:

Dolores Hanrahan appeals the dismissal of her employment discrimination complaint, which the district court held was barred by res judicata, based on the prior dismissal of her state court petition for review of an adverse discrimination decision for failure to join a necessary party. Because the state court's dismissal was not a decision on the merits that would preclude the filing of a renewed state court action, it does not preclude a federal complaint either. Accordingly, we vacate the judgment of the district court, and remand for further proceedings.

BACKGROUND

Hanrahan was employed by Riverhead Nursing Home ("Riverhead") as a nurse

from 1995 until 2003. Hanrahan claims that in the summer of 2003, renovations taking place throughout the nursing home triggered her allergies and resulted in difficulty breathing. Hanrahan made several requests for accommodations, such as installation of air filters and a move to a different office farther from the construction, some of which were granted. Hanrahan also requested permission to use vacation time in September 2003, which was denied on the ground that all employees, even those not otherwise scheduled to work, were required to work during the yearly New York State Board of Health survey, which Riverhead expected would take place during that month.

In July or August, Hanrahan claims she began experiencing chest pains. In late August, Hanrahan went to the hospital reporting severe chest pains. Her doctor recommended four weeks of medical leave, which Riverhead allowed her to take from August 30 until September 29.

On Sunday, October 19, 2003, the New York State Board of Health surveyors arrived to conduct the yearly survey. Hanrahan was not scheduled to work that day. Riverhead asked all employees who were not scheduled to work to come in. Hanrahan refused, but returned to work on October 20. After the survey was completed on October 22, Riverhead fired Hanrahan.

In January 2004, Hanrahan filed an administrative complaint with the New York Division of Human Rights ("NYDHR") claiming that Riverhead discriminated against her

3

based on her disability. The complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), preserving Hanrahan's federal claims. The NYDHR found probable cause supporting Hanrahan's allegations and ordered a public hearing before an administrative law judge ("ALJ").

On November 27, 2007, following a six-day hearing held in July of that year, the ALJ dismissed Hanrahan's administrative complaint. On December 26, 2007, the NYDHR Commissioner adopted the ALJ's findings. In April 2008, the EEOC advised Hanrahan that it was closing its file on her charge and adopting the findings of the NYDHR, noting that she could file a state or federal lawsuit on her claims within 90 days.

Hanrahan timely filed a petition before the New York Supreme Court challenging the state administrative determination. Hanrahan did not, however, name the NYDHR as a defendant, nor did she serve a copy of her petition on the NYDHR. The court dismissed her petition, "with leave to renew upon service of an amended petition upon both the Division of Human Rights . . . and the Riverhead Nursing Home." Hanrahan did not amend or refile her petition in the New York Supreme Court. Instead, she filed a federal complaint against Riverhead in the Eastern District of New York.

Riverhead moved to dismiss Hanrahan's claims on a number of grounds. The district court granted the motion on the ground that res judicata barred her claims in federal court.

4

DISCUSSION

We review a district court's finding of res judicata de novo. See Channer v. Dep't of Homeland Sec., 527 F.3d 275, 279 (2d Cir. 2008). Res judicata applies where a "final judgment *on the merits* bars a subsequent action between the same parties over the same cause of action." Id. (emphasis added). We therefore must determine whether the dismissal of Hanrahan's petition by the New York Supreme Court for failure to join a necessary party was a dismissal on the merits. "In considering the preclusive effect of a state court judgment on a subsequent federal action, . . . we usually consult the preclusion laws of the state in which the judgment was issued." Nestor v. Pratt & Whitney, 466 F.3d 65, 71 (2d Cir. 2006).

Under New York state law, "[n]onjoinder of a party who should be joined . . . is a ground for dismissal of an action *without prejudice* . . . ." N.Y. C.P.L.R. § 1003 (emphasis added). Indeed, a dismissal of an action by a New York court "may not be considered as a dismissal on the merits" if it does not specifically state that the dismissal is on the merits. Nems Enter., Ltd. v. Seltaeb, Inc., 263 N.Y.S.2d 525, 526 (1st Dep't 1965). It is thus clear that the dismissal of Hanrahan's petition for failure to join the NYDHR was not a dismissal on the merits. That dismissal, therefore, does not preclude Hanrahan from filing a new complaint, whether in state or in federal court.

The district court, however, ruled that Hanrahan's failure to refile her petition

5

before the New York Supreme Court with the NYDHR as a defendant "in the face of the state court's invitation to correct her error [was] tantamount to abandonment of the state proceeding," that precluded filing another action. That ruling was incorrect.

Under N.Y. C.P.L.R. § 3216(a), a court may dismiss a lawsuit for failure to prosecute if a party "unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof." A dismissal for failure to prosecute, however, is not on the merits "[u]nless the order specifies otherwise." Id. Moreover, dismissals for failure to prosecute based on failure to amend and re-file a deficient complaint are generally granted after the court *instructs* the deficient party to do so, something that did not happen here. See, e.g., Norris v. P.S. Elliott, Inc., No. 05-6V-689S, 2006 WL 2472121, at *1 (W.D.N.Y. Aug. 25, 2006) ("direct[ing]" plaintiff to refile petition under N.Y. Exec. § 298 and dismissing the complaint on the merits after plaintiff failed to do so). Furthermore, specific requirements must be met before such a dismissal is ordered, including that the court or the party seeking dismissal for want of prosecution serve a written demand upon the other party. See N.Y. C.P.L.R. § 3216(b)(3). There is no evidence in the record, however, and Riverhead has not even alleged, that any such demand was made upon Hanrahan. We cannot bypass the statutory requirements for a dismissal for failure to prosecute by simply declaring that Hanrahan's election not to refile her petition in state court converted a dismissal without prejudice into a dismissal

on the merits.

Under some circumstances, an appeal from a dismissal for failure to join a necessary party could lead to a dismissal on the merits. The district court cites one case where that occurred, Kirkland v. City of Peekskill, 828 F.2d 104 (2d Cir. 1987). In that case, the New York Supreme Court dismissed Kirkland's Title VII claim for failure to join the City of Peekskill, a necessary party. See id. at 109. Kirkland then appealed to the Appellate Division, which dismissed the case because Kirkland had not served the City within sixty days of commencing his suit, as required under Article 78. See id., citing Smith v. Russell Sage College, 54 N.Y.2d 185 (1981). Kirkland then filed a federal complaint, which was dismissed on grounds of res judicata. On appeal from the dismissal, we noted that the New York Court of Appeals had "held that dismissal on statute of frauds and statute of limitations grounds was at least sufficiently close to a decision on the merits to bar a second action." Kirkland, 828 F.2d at 109. Kirkland's federal claim, therefore, was precluded by res judicata because the Appellate Division's dismissal of his claim as untimely was a decision on the merits under New York law. The earlier dismissal for failure to join a necessary party was not the basis for the dismissal of his federal lawsuit.

It is possible that, had Hanrahan appealed the New York Supreme Court's dismissal for failure to join the NYDHR, the Appellate Division would eventually have dismissed her case for failure to serve the NYDHR in a timely manner. Had that

7

happened, her federal claim would be barred under res judicata. In affirming a district court's dismissal of another suit for res judicata after the New York Supreme Court dismissed the petition as untimely, we noted that the plaintiff's counsel had "made no attempt to withdraw the state court application," even though "surely counsel was forewarned that . . . the decision to seek state court review could be a costly one." Bray v. New York Life Ins., 851 F.2d 60, 64 (2d Cir. 1988). Here, Hanrahan's attorney apparently saw the potential costs of state court review and avoided them. At the time her case was dismissed for failure to serve a necessary party, Hanrahan still had time to refile the action and timely serve NYDHR. Nothing precluded her from refiling in state court, or – as she elected to do instead – in federal court.

The judgment of the district court is accordingly vacated, and the matter is remanded for further proceedings.