12-4530-cv
Jones v. City of N.Y. Agencies

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand fourteen.

PRESENT:
>> **DENNIS JACOBS,**
>> **RAYMOND J. LOHIER, JR.,**
>> **CHRISTOPHER F. DRONEY,**
>>> *Circuit Judges.*

_____

**Robert Dillard Jones,**

>> *Plaintiff - Appellant*,

>> v.                                             **12-4530-cv**

**City of New York Agencies, State of New York Agencies,**

>> *Defendants - Appellees*,
> **and**

**Naziemul Safi, 1418-1422 Putnam Avenue Corp., Orange Realty Corp., Larry Farber, Todd Farber, Gaynor & Gaynor, Esq., Josh Sapodines, Esq., Lazarowitz & Manganillo, P.C., Debcon Financial Services, Inc., Kings County, Suffolk County,**

>> *Defendants.*

_____

**FOR APPELLANT:**     Robert Dillard Jones, *pro se*, Binghamton, New York.

**FOR APPELLEES:**     Andrew G. Lipkin, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, *for* Appellee City of New York Agencies.

David Lawrence III (Barbara D. Underwood, Solicitor General & Richard Dearing, Deputy Solicitor General), *for* Eric T. Schneiderman, Attorney General of the State of New York, *for* Appellee State of New York Agencies.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robert Dillard Jones, *pro se*, appeals the district court's judgment dismissing his claims on the grounds of *res judicata*, the *Rooker-Feldman* doctrine, and the applicable statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. *Rooker-Feldman.* Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "Because *Rooker-Feldman* goes to subject-matter jurisdiction, we review de novo the district court's application of the doctrine." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

A state court dismissed Jones' claims as time-barred. The judgment was rendered, and became final, prior to the commencement of the present action. And Jones invites the district

2

court–and us–to reject that judgment. Therefore, to the extent Jones complains of injury from the state court's decision, his claims are barred by the *Rooker-Feldman* doctrine.

2. Statute of Limitations. We review *de novo* the dismissal of claims under a statute of limitations. *See Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011). New York's general personal injury statute of limitations–three years–applies to § 1983 claims. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989). Jones complains of conduct that occurred in 1996 and 1997, but he did not file the instant lawsuit until 2010. If he does, as the district court suggested, raise new § 1983 claims, they are untimely.

3. Res Judicata. In any event, all of Jones' claims, except any claims that he was injured by the state court proceedings themselves, are barred by the doctrine of *res judicata*.

"We review a district court's finding of res judicata de novo." *Hanrahan v. Riverhead Nursing Home*, 592 F.3d 367, 368 (2d Cir. 2010). *Res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and brackets omitted). "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Saud v. Bank of N.Y.*, 929 F.2d 916, 919 (2d Cir. 1991) (internal quotation marks omitted). Jones' federal complaint raises challenges to the same transaction or occurrence as his state court action, and is, therefore, barred by *res judicata*.

3

We have considered all of Jones' remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk