OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented on the ex parte application for an allowance for attorney’s fees is whether a summons is proper where the law firm of record only specifies a post-office box as its address, without indicating its actual office address.
*929 Inquiry of the firm has indicated that it maintains its office at 350 Central Park West, an apartment building. Although the reason for not stating that address on litigation papers has not been specified, the firm has indicated that it maintains "a collection practice”.
CPLR 2101 (d) provides that each paper served "shall be indorsed with the name, address and telephone number” of the attorney appearing in the action. However, the CCA 401 (b) is more specific and states: "The summons shall be in such form as may be provided by rule. It shall contain the residence address of the plaintiff and, if it is issued by the plaintiff’s attorney, the latter’s office address. ” (Emphasis supplied.)
Since counsel has not stated its office address on the summons issued herein, but only a mailing address, it is clear that such process is not in conformity with the foregoing requirement of the Civil Court Act. Although not before the court, it would seem (although the issue is not as clear because CPLR 2101 [d] does not specifically mandate an office address) that the summons would likewise be defective if employed in a Supreme Court action.
A reason for requiring an attorney’s office address to be stated is to enable personal service upon the attorney of motion papers under CPLR 2103 (b) (1) or (3) where a short notice period would be appropriate, such as requests for injunctions and stays. Also, without a designated office, motion papers could only be served by mail, with the consequence that motions made by opposing counsel would under CPLR 2103 (b) (3) require an additional five days’ notice, thus enabling the firm without a designated office address to obtain additional time.
The foregoing is not to suggest that a New York resident may not employ his home as his office, but in that situation the residence must be designated as the address of the attorney. (For nonresidents, see, Judiciary Law § 470; White Riv. Paper Co. v Ashmont Tissue, 110 Misc 2d 373.)
Since the summons in this action is not in proper form, the application for an attorney’s fee is denied and the court, sua sponte, dismisses the action without prejudice.