OPINION OF THE COURT
Alan J. Saks, J.
Plaintiff’s motion to serve an amended summons, although not responded to, is denied and this action is dismissed without prejudice.
This action is for hospital services. It was purportedly commenced by using the form of a summons with notice that is commonly used in the Supreme Court. After defendants’ alleged default in answering, plaintiff discovered that a differ *1050 ent summons form is required in this court. Although the summons served had the name and county division of this court above the caption, the body of the summons neither gave the location of the courthouse nor did it give notice that the answer was required to be filed there.
Some statutory background is in order. As originally enacted by Laws of 1963 (ch 566), CCA 401 (b) provided: "The summons shall be in such form as may be provided by rule. It shall contain the residence address of the plaintiff and, if it is issued by the plaintiffs attorney, the latter’s office address.”
In 1964, the court adopted its rules. Section 2900 (a) (recently renum as 22 NYCRR 208.6 [a]) provided that, in addition to conforming to the Civil Court Act, the summons "shall state the county division and location of the court in which the action is brought, as well as the names of the parties” (emphasis added). Moreover, the form of summons prescribed in the very text of the rule requires that the body list the address of the office of the clerk of the court.
In 1968, CCA 401 (b) itself was amended to add the following opening clause: "The summons shall direct the defendant to file his answer with the clerk and”.
Thus, the Legislature made a direction to file the answer with the clerk the first statutory requisite. As Professor Siegel noted in his 1968 comment (Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 401, 1986 Pocket Part, p 68) such amendment supplied "a firm statutory underpinning for the procedure followed in the Civil Court, and embodied in [then-numbered] Rule 2 of its rules.”
Movant argues that "the omission” herein (actually, two omissions) is not jurisdictional. I disagree. While the question appears to be one of first impression, it appears clearly to me, from the emphatic manner with which both the act and the rules require the summons to tell the defendant how to answer, that the drafters thereof were aware that, unlike the situation in Supreme Court, many of the defendants in this court will appear pro se. Such defendants in this court are often poor and/or uneducated and/or unsophisticated, and it is thus deemed imperative by the drafters that the summons advise precisely how an answer shall be made.
Therefore, the court holds that the summons as served was a jurisdictional nullity and is not amendable on motion, and this action is thus dismissed, without costs, and without prejudice to service of a proper summons.