CHALFONTE REALTY CORP., Petitioner, v STREATOR, INC., Doing Business as CAFE LUXEMBOURG, Respondent.

Civil Court of the City of New York, New York County, February 2, 1989

## APPEARANCES OF COUNSEL

*Rubin, Baum, Levin, Constant & Friedman (Paul H. Aloe* of counsel), for respondent. *Lindenbaum & Young, P. C. (Steven B. Sperber* of counsel), for petitioner.

## OPINION OF THE COURT

PETER TOM, J.

In this summary holdover proceeding, respondent moves to dismiss the petition on the ground that the notice of petition is jurisdictionally defective.

Respondent asserts that the notice of petition in substance and form appears to be a court mandate directing respondent to vacate the premises rather than give notice to respondent of the proceeding.

Petitioner contends that the notice of petition complies with section 208.42 of the Uniform Rules for Trial Courts (22 NYCRR 208.42).

A notice of petition is equivalent to a summons in a plenary action and its function is to give legal notice to respondent of the impending proceeding. Once the notice of petition is

served with the petition and properly filed with the clerk of the court, the summary proceeding is commenced and jurisdiction is acquired over the respondent.

The Legislature in recognizing that many *pro se* litigants appear in the Civil Court has implemented certain requirements as to the contents of a summons to assist unrepresented litigants as to how an answer shall be made. *(See, Union Hosp. v Henry,* 132 Misc 2d 1049.)

In 1968 the Legislature amended CCA 401 (b) to provide that, "The summons shall direct the defendant to file his answer with the clerk and shall otherwise be in such form as may be provided by rule." (L 1968, ch 298.) 22 NYCRR 208.6 (a) further provides that the summons shall provide the address of the courthouse where the party will file the answer with the clerk.

Even though CCA 401 (b) applies to the contents of a summons in a plenary action and not to the contents of a notice of petition in a summary proceeding, the concern that a party in a Civil Court action be properly apprised of the action or proceeding and how an answer shall be made should be prevalent in both plenary actions and summary proceedings. This concern can be more readily justified in landlord-tenant litigations where the majority of the tenants who come before the court are without the assistance of counsel and are unfamiliar with court procedure and legal terminology.

RPAPL 731 (1) provides that a special proceeding prescribed by article 7 shall be commenced by service of a petition and notice of petition, and that a notice of petition may be issued by an attorney, Judge or the clerk of the court. However, CCA 401 (c) provides that a notice of petition may only be issued by a Judge or clerk of the court.

22 NYCRR 208.42 sets forth an example of a notice of petition for a special proceeding under article 7.

The sample form contains a simple notice that a hearing will be held at a specific part of the Civil Court on a specified date and time. The sample notice further informs respondent that at such hearing the owner will seek a final judgment of possession against respondent, and respondent may interpose any defense or counterclaim, and the failure of respondent to do so may preclude respondent from asserting such defense in any other proceeding or action. *(See,* RPAPL 731 [2].)

Even though the sample notice under 22 NYCRR 208.42 is just an example and the petitioner is not required to follow its

language or format, the spirit and intent of the notice of petition which is to give adequate and proper notice to respondent of the proceeding must be complied with by petitioner.

In the present case, the language and format of petitioner's notice of petition appear to be a mandate issued by the State of New York directing that respondent immediately be removed from the premises.

The notice of petition begins with the following language:

"The People of the State of New York:

"To the Tenant [        ] above named and described * * *

"Greeting: You are hereby required forthwith to remove from the premises designated and described as follows".

This language is the type of language used in court subpoenas giving the document an appearance of a mandate of the court which must be complied with. The authenticity of the mandate is further fortified by the imprint of "Jack Baer, Clerk of said Court" printed on the lower right bottom of the document.

A layperson reading this document can easily misinterpret the fact that petitioner has already obtained a final judgment of possession against him or her and that this is a court decree directing respondent to vacate the premises.

Further down in the document and buried in the middle of a paragraph petitioner sets forth the place, date and time of the hearing. However, petitioner does not simply state that a hearing will be held but provides, "or show cause before the Civil Court of the City of New York, County of New York * * * why the possession of said premises should not be awarded and delivered to said landlord or Petitioner."

Here again, the language, "show cause before the Civil Court" which is language found in an order to show cause and must be signed by a Judge, could further mislead respondent to believe that a final judgment of possession has already been granted in favor of petitioner. Nowhere in the notice of petition is the word hearing set forth.

Petitioner's notice of petition in substance and form does not comply with the spirit and intent of the sample notice under 22 NYCRR 208.42 in that petitioner's notice fails to adequately and properly give notice to respondent of the proceeding, but rather tends to mislead respondent in believing that a final judgment has already been entered in favor of

petitioner and that the court directs respondent to surrender the premises *(Lorenzo v Rivera,* 132 Misc 2d 591).

For a *pro se* litigant who has limited or no experience with court process and procedure such a notice may intimidate him or her to vacate the premises without due process of the law. This is not the function or purpose of a notice of petition.

The defect in petitioner's notice of petition is not amendable since no action is commenced if the papers served are not in compliance with the statutory mandate as to substance and content. *(Parker v Mack,* 61 NY2d 114; *Ciaschi v Town of Enfield,* 86 AD2d 903.)

Based on the foregoing, respondent's motion is granted and the petition is dismissed without prejudice to petitioner's right to commence a new proceeding in compliance with this order.