OPINION OF THE COURT
Alexander Graves, J.
Plaintiff has submitted for my signature an ex parte order permitting the filing, nunc pro tunc, of the summons and complaint. While matters of this kind are customarily treated as routine, this application is somewhat out of the ordinary. The summons as originally served identified the court as the "Civil Court of the City of New York, County of Richmond”, but summoned defendant "to appear in the Civil Court of the City of New York, County of New York at the office of the Clerk of said Court at 111 Centre Street in the County of New York City and State of New York”. After the error had been discovered, plaintiff attempted to correct same by mailing an "amended summons”, containing the correct address of the *102 Richmond County division of the court, to an attorney who has not formally appeared for defendant.
The court declines to sign the order. The summons as originally served is defective. Since the defendant has not answered, it can hardly be contended that the defect has been waived. It is doubtful whether there is any such entity as an "amended summons”. In any event, an amendment cannot be effected merely by mailing a revised summons to an attorney who has never appeared.
Since the service of a defective summons fails to give the court jurisdiction over the defendant, it will accomplish nothing to proceed by motion on notice. There is before the court no action within which a motion may be made.
It appears that the only procedure available to plaintiff is to serve defendant with a proper summons. Since the incident complained of appears to have taken place in 1989, there should be no concern over the Statute of Limitations.