■ COPELCO CAPITAL, INC., Respondent, v PACKAGING PLUS SERVICES, INC., Appellant. [663 NYS2d 104] —In an action, *inter alia*, for the recovery of rental payments due under equipment leases, the defendant appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered July 3, 1996, which, upon an order of the same court granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal sum of $47,734.80.

Ordered that the judgment is affirmed, with costs.

Minolta Copier Corporation (hereinafter Minolta) entered into five separate and distinct leases with Packaging Plus Services, Inc. (hereinafter Packaging), lessee and defendant herein, for the rental of five photocopy machines. In accordance with the leases, Packaging agreed to make 36 monthly payments for each of the five leased copiers. In addition, Packaging signed a waiver of defenses provision whereby it agreed that in the event Minolta should assign any or all of the leases, "the new owner will not be subject to any claims, defenses, or set-offs that [Packaging] may have against [Minolta]". Minolta assigned the leases to Copelco Capital, Inc. (hereinafter Copelco), a financing institution, on the same day or shortly after each lease was entered into. Packaging then began to default on each of its lease agreements, claiming that problems with the machines rendered them unusable. The trial court, applying New Jersey law as required by the governing law provisions of the leases, found that Packaging failed to raise a factual issue that Copelco did not obtain the assignments in good faith and for value and thus granted Copelco's motion for summary judgment.

Under the Uniform Commercial Code as adopted in New Jersey, an agreement by a lessee "that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense" (NJ Stat Annot § 12A:9-206 [1]). Under New Jersey's statutory framework, as well as that of most other States, the courts usually find no legal impediment to the validity of such waiver of defenses clauses in nonconsumer transactions when asserted by holders in due course (*see, First Natl. State Bank v Reliance Elec. Co.*, 668 F2d 725;

*Chemical Bank v Penny Plate,* 144 NJ Super 390, 365 A2d 945; *Dean v Universal C.I.T. Credit Corp.,* 114 NJ Super 132, 275 A2d 154).

Once this "waiver of defenses" has been raised, the burden shifts to the party claiming the rights of a holder in due course to establish that he is indeed a holder in due course (*see, General Inv. Corp. v Angelini,* 58 NJ 396, 278 A2d 193; *see also, First Natl. State Bank v Reliance Elec. Co., supra; Dubin v Hudson County Probation Dept.,* 267 NJ Super 202, 630 A2d 1207; *Breslin v New Jersey Investors,* 70 NJ 466, 361 A2d 1). The execution of the assignments and the leases, proof of payment for the assignments, and the affidavits and affirmation submitted by Copelco established a prima facie case that Copelco paid value for the assignments and took them in good faith without notice of any alleged claims or defenses to them and, hence, that Copelco was a holder in due course. The burden then shifted to Packaging to prove its contention that Copelco was not a holder in due course in that Copelco's close connection with Minolta precluded it from obtaining the assignments in good faith. Given that Packaging has failed to produce any evidence to rebut Copelco's prima facie showing that it obtained the assignments in good faith and without notice of the alleged claims that the leased equipment was unusable, Copelco is, as a matter of law and by virtue of New Jersey Statutes Annotated § 12:A9-206, free of those defenses raised by Packaging.

Packaging's remaining contentions are without merit. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.