OPINION OF THE COURT
Per Curiam.
*1022 Order dated July 7, 1997 modified by granting landlord’s application for attorney’s fees in the nonpayment proceeding commenced under index No. 109296/95, and by remanding the matter to the Civil Court for a hearing to determine the amount of reasonable attorney’s fees and for calculation of prejudgment interest on the final judgment of August 14, 1995; as modified, order affirmed, without costs.
In the initial nonpayment proceeding (index No. 82493/94), landlord failed to request attorney’s fees in the petition or at any point during the 15-day trial. The matter proceeded to judgment, followed by landlord’s appeal to this court, without any application for amendment of the pleadings or argument on the issue. A claim for attorney’s fees was interposed for the first time in landlord’s postjudgment and postappeal motion approximately nine months after our order. We agree that this belated claim for fees was untimely and that Civil Court did not abuse its discretion in declining to “deem” the petition “amended” to include a prayer for that relief. A party against whom substantial legal costs are sought should be apprised of that claim at or near the outset of the case, so that it may effectively frame its litigation strategy. In this case, landlord delayed until the proceeding was at an end. While it is premature for the court to address the issue of attorney’s fees until a case has been completed (Solow v Wellner, 86 NY2d 582, 589), timely notice should be given by a litigant that fees will be claimed so as to avoid surprise or prejudice to the adversary.
The claim for attorney’s fees arising out of the second nonpayment petition (index No. 109296/95) stands upon a different footing, as that petition did contain a demand for fees. Shortly before trial, tenant tendered the rent sought without setoff or deduction. Since landlord entirely prevailed on its substantive claim, it is entitled to recover the legal expenses incurred in prosecuting this proceeding pursuant to Article 19 of the parties’ lease (Livigne v D’Agostino Supermarkets, 207 AD2d 776; Wertheim v Lexa Imports, NYLJ, Oct. 1, 1997, at 25, col 1 [App Term, 1st Dept]). We have remanded the matter for an assessment on that issue.
Landlord’s motion for an award of prejudgment interest should have been granted, since landlord was entitled to interest as of right upon its recovery for rent in the possessory judgment of August 14, 1995 (Solow v Wellner, 86 NY2d 582, 589-590, supra; CPLR 5001 [a]). This issue was not waived on the previous appeal, since there had been no prior judicial determi-
*1023 nation with respect to interest and the trial court retained jurisdiction to fix interest at the statutory rate (Kiker v Nassau County, 85 NY2d 879). We also note that our order of modification provided for a new trial on tenant’s constructive eviction claim, and necessarily contemplated the entry of an amended judgment (see, Solow v Wellner, 86 NY2d 582, 589, supra).