OPINION OF THE COURT
Doris Ling-Cohan, J.
Petitioner commenced this holdover proceeding against respondents John and Julie Cho to recover commercial premises located at 931 Eighth Avenue, New York, New York. Petitioner allegedly terminated respondents’ lease pursuant to paragraph 9 of the lease which permits the petitioner to terminate the lease in the event that a fire renders the premises wholly unusable.
*469 Respondents have moved for an order pursuant to CPLR 3211 (a) (7) dismissing the petition on the grounds that the petition fails to state the facts upon which the special proceeding is based. Specifically, in seeking dismissal, respondents argue the following: (1) that since the petition refers to a notice of termination which is not annexed to the petition, and the petition does not set forth the reasons for the termination, the petition fails to state the facts upon which the proceeding is based as required by RPAPL 741 (4); (2) that the subject building contains three or more residential units and is a multiple dwelling, but the petition fails to list the multiple dwelling status and the multiple dwelling registration number of the subject building; (3) that the notice of petition served on respondents did not contain an index number, the court part, or the room number; and (4) that the notice of petition and petition were not properly served.
RPAPL 731 (2) and CPLR 403 (a), which describe the details that must be included in a notice of petition, specifically provide that “the notice of petition shall specify the time and place of the hearing * * * In the within case, respondents claim that the notice of petition served upon them fails to set forth the name of the court part or the room number in which this proceeding was returnable. In fact, petitioner fails to dispute that the copies of the notice of petition and petition that were allegedly served on respondents failed to contain the index number, the room and correct part.
The copy of the notice of petition submitted by respondents in support provides, in pertinent part, as follows: “please take notice that a hearing, at which you must appear, will be held at Civil Court of the City of New York, Commercial Part to be held at the Courthouse located at 111 Centre Street * * * ."* Such notice clearly does not comply with the relevant statutes as it fails to provide respondent with the “place of the hearing” as required since the correct court part and room number have been omitted.
Additionally, petitioner’s description of the place of the hearing as the “Commercial Part” is both confusing and inaccurate. To begin with, New York County Civil Court does not have a court part which is labeled the “Commercial Part.” There is, however, a commercial division of the Supreme Court in New *470 York County where commercial matters involving more than $125,000 are litigated. (See NYLJ, Judges’ Part Rules, July 2002, at 2, col 2.) The part in the Civil Court which handles commercial landlord-tenant disputes, such as the within case, is labeled “Part 52” and is located in room 1166 of this courthouse; that part is not known as the “commercial part.” Additionally, in the Civil Court, there is also a small claims/ commercial small claims part. (See 22 NYCRR 208.41-a.)
Where a notice of petition fails to specify the details with respect to the place of the hearing, the petition fails “in its essential purpose of apprising respondent * * * that, at a stated time and place, it must appear.” (See Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown, 144 AD2d 90, 92 [3d Dept 1989].) Failure to specify the “time and place of the hearing on the petition” is a jurisdictional defect requiring dismissal. (Matter of Lincoln Plaza Tenants Corp. v Dinkins, 171 AD2d 577 [1st Dept 1991].) Further, the failure to provide respondents with the information as required by the statutes deprives this court of personal jurisdiction over respondents. (See Common Council of City of Gloversville v Town Bd. of Town of Johnstown, supra at 92; Ferrito v Dickson, 148 Misc 2d 101 [Civ Ct, Richmond County 1990].) Since such an omission is a defect which cannot be cured, respondents’ motion is granted to the extent that this proceeding is dismissed. (See Common Council of City of Gloversville v Town Bd., supra; Tamburo v P & C Food Mkts., 36 AD2d 1017 [4th Dept 1971]; Chalfonte Realty Corp. v Streator, Inc., 142 Misc 2d 501 [Civ Ct, NY County]; Union Hosp. of Bronx v Henry, 132 Misc 2d 1049 [Civ Ct, Bronx County 1986].)
Accordingly, for the reasons stated above, petitioner’s failure to provide respondents with the correct place of the hearing warrants dismissal. Thus, respondents’ motion is granted and this case is dismissed.

 Unlike the copy attached by respondent, the copy of the notice of petition which was filed with the court at the commencement of this case contains a handwritten notation “Pt 52 Rm 1166” in addition to the typed reference to the “Commercial Part.”