OPINION OF THE COURT
Diane A. Lebedeff, J.
With great frequency, courts are presented with summary judgment motions by credit card issuers seeking a balance due from credit card holders which motions fail to meet essential standards of proof and form in one or more particulars (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067 [1979] [“To obtain summary judgment it is necessary that the movant establish (a) cause of action or defense ‘sufficiently to warrant the court as a matter of law in directing judgment’ in (movant’s) favor (CPLR 3212, subd. [b]), and (movant) must do so by tender of evidentiary proof in admissible form”]).
Two summary judgment motions, one brought by a national bank credit card issuer and another commenced by a self-described assignee of a credit card account, highlight the essential principles governing a summary judgment motion in a credit card collection case, which motions are consolidated for decision. This decision focuses on the presentation of a prima facie case and limitations upon a plaintiff’s claim to recover a credit card debt, although the principles advanced herein concomitantly shed light on affirmative defenses relating to the issues covered.
*221 Identifying Credit Card Issuer and Refuting Application of Local Usury Laws
In credit card cases, the first concern of any court is whether the amount at issue is a lawful claim, which brings up for consideration whether the credit card’s interest rate and related charges are subject to this State’s usury limits.[1] The information upon which a court may make that determination generally requires no more than (1) an identification of the organizational character of the credit card issuer, and (2) a statement and description of the law which governs the interest rate and related charges.
Credit card issuers identified as either a national bank or a bank insured by the Federal Deposit Insurance Corporation (FDIC) may impose interest rates higher than those of this State by reason of federal preemption, which essentially permits use of the lawful rates of a bank’s home state.[2] A majority of credit cards in the United States are issued by such federally *222 regulated banks, which have structured their credit card operations to benefit from favorable interest rate provisions (Mark Furletti, The Debate over the National Bank Act and the Preemption of State Efforts to Regulate Credit Cards, 77 Temp L Rev 425 [Summer 2004]; also see, recognizing federal preemption where bank supervised by Office of Thrift Supervision, ALBANK v Foland, 177 Misc 2d 569 [Albany City Ct 1998]).[3]
As to nonbank entities, if the credit arrangements are actually conducted by, or credit receivables assigned to, a national or insured bank or a subsidiary of such banks, the federal rules are applicable (Krispin v May Dept. Stores Co., 218 F3d 919 [8th Cir 2000] [store credit card system was that of a national bank, the wholly owned subsidiary of store]; 12 CFR 7.4006, 362.4 [subsidiaries]). The federal rules are not extended to independent third parties acting under an agency agreement or other contract with such a bank (BankWest, Inc. v Baker, 411 F3d 1289 [11th Cir 2005] [“payday” loan storefronts]).
As to summary judgment motion papers, a plaintiff should provide a statement of the law of the state which governs the interest rate (Daggs v Phoenix Nat. Bank, 177 US 549, 555 *223 [1900] [state law governs interest rates, even if it allows any rate agreed to by the parties]). This information provides an assurance that the judgment requested for a credit card delinquency is properly claimed and not excessive in amount (Neuman v Greenblatt, 260 AD2d 616, 617 [2d Dept 1999] [excessive judgment is a nullity, even if fixed following inquest]).
Credit Card Agreements and Documents to be Tendered by Affidavit
As a part of a credit card issuer’s presentation of a prima facie case, the motion papers also must include an affidavit sufficient to tender to the court the original agreement, as well as any revision thereto, and the affidavit must aver that the documents were mailed to the card holder.[4] The same affidavit typically advances copies of credit card statements which serve to evidence a buyer’s subsequent use of the credit card and acceptance of the original or revised terms of credit (Chase Manhattan Bank [Natl. Assn.], Bank Americard Div. v Hobbs, 94 Misc 2d 780 [Civ Ct, Kings County 1978] [also holding statements admissible as business record]; Citibank v Roberts, 304 AD2d 901 [3d Dept 2003] [payments indicated acceptance of credit arrangement]). The affidavit often addresses whether there was any proper protest of any charged purchase within 60 days of a statement (15 USC § 1601 et seq.; 12 CFR 226.13 [b] [1] [a provision in 12 CFR part 226, referred to as “Regulation Z” or “Truth in Lending” regulations]).
The affidavit must demonstrate personal knowledge of essential facts or the judgment will be assailable, even if the defendant defaults (Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1st Dept 1997]; Hann v Morrison, 247 AD2d 706 [3d Dept 1998]; 73 NY Jur 2d, Judgments § 138 [2005] [“Proof of facts by affidavit or service of verified complaint”]; see CPLR 3215; CCA 1402). An attorney’s affirmation generally cannot advance substantive proof (Key Bank of Me. v Lisi, 225 AD2d 669, 669 [2d Dept 1996] [“affirmation of . . . attorney who had no *224 personal knowledge of the facts . . . did not constitute proof in admissible form and it (is) without evidentiary value”]).
If the affidavit is signed and notarized outside New York State, it should be accompanied by a certificate of conformity (Ford Motor Credit Co. v Prestige Gown Cleaning Serv., 193 Misc 2d 262, 264 [Civ Ct, Queens County 2002, Walker, J.]; CPLR 2309 [c] [certificate to accompany an out-of-state oath or affirmation, incorporating by reference Real Property Law § 299-a (1) requirement that such document “must be accompanied by” a certification that the oath was given in conformity with applicable laws]). As to a certification of authority, local differences may exist regarding the need to submit this separate certificate (Real Property Law § 311; compare Citibank [S.D.] N.A. v Santiago, 4 Misc 3d 138[A], 2004 NY Slip Op 50899[U] [App Term, 1st Dept 2004] [not required for notarized affidavit], with Raytsin v Discover Bank, N.A., 6 Misc 3d 48 [App Term, 2d and 11th Jud Dists 2004] [required, official taking oath not described in decision]; see also Siegel, NY Prac § 388 [4th ed 2005] [certificate authenticating the oath giver’s authority, often called a “flag,” may be required by a court but absence is not jurisdictional]). Either certificate may be tendered subsequently, curing the defect nunc pro tunc (see Raynor v Raynor, 279 App Div 671 [2d Dept 1951]; Nandy v Albany Med. Ctr. Hosp., 155 AD2d 833 [3d Dept 1989]).[5]
Legal Fees Request to he Supported by Contract and Attorney Affirmation
A request for legal fees requires presentation of (1) an agreement to pay such fees, tendered by an appropriate affidavit, and (2) an attorney’s affirmation detailing the fee arrangement, the legal services provided and the relevant factors bearing upon the claim.
The agreement to pay legal fees must be submitted for, absent an agreement to pay such fees, an application for fees may not be granted by New York State courts (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22 [1979]; Empire Natl. Bank v *225 Monahan, 82 Misc 2d 808 [Rockland County Ct 1975]).[6] New York’s Retail Installment Sales Act does permit such a credit card holder to agree to pay an independent collection “attorney’s fees not exceeding twenty per centum of the amount due and payable” (Personal Property Law § 413 [5]; Chase Manhattan Bank [N.A.], Bank Americard Div. v Hobbs, supra, 94 Misc 2d at 784).
The affirmation by the attorney must be sufficient to permit the fee request to be weighed on the merits as to services already rendered (Matter of First Natl. Bank of E. Islip v Brower, 42 NY2d 471, 474 [1977] [award is not to be “the contractual imposition of a penalty” and must be for legal services “actually rendered”]). The affirmation should provide information regarding the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of the attorney and those providing services, and the results achieved (Jordan v Freeman, 40 AD2d 656 [1st Dept 1972]), although a more cursory affirmation might suffice to support a fee request low enough in amount to be determined upon the basis of judicial observation and judicial notice (Matter of Mead v First Trust & Deposit Co., 60 AD2d 71, 79 [4th Dept 1977]).[7]
Claims Requiring Special Proof: Assignment and Account Stated
Two types of claims require special proof. They are claims by an assignee of a credit card account and a request for judgment on an account stated.
First, as to assigned claims, it is essential that an assignee show its standing, which “doctrine embraces several judicially *226 self-imposed limits on the exercise of . . . jurisdiction, such as the general prohibition on a litigant’s raising another person’s legal rights” (Allen v Wright, 468 US 737, 751 [1984]). A lack of standing renders the litigation a nullity, subject to dismissal without prejudice (Pullman Group v Prudential Ins. Co. of Am., 297 AD2d 578 [1st Dept 2002], lv dismissed 99 NY2d 610 [2003]). It is the assignee’s burden to prove the assignment (Copelco Capital v Packaging Plus Servs., 243 AD2d 534, 535 [2d Dept 1997]; T&G Med. Supplies, Inc. v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 1017[A], 2005 NY Slip Op 50636[U] [Civ Ct, NY County 2005, Billings, J.] [collecting cases]). Given that courts are reluctant to credit a naked conclusory affidavit on a matter exclusively within a moving party’s knowledge (see generally Vitiello v Mayrich Constr. Corp., 255 AD2d 182, 184 [1st Dept 1998]), an assignee must tender proof of assignment of a particular account or, if there were an oral assignment, evidence of consideration paid and delivery of the assignment (Hooker v Eagle Bank of Rochester, 30 NY 83, 87 [1864]; 6A NY Jur 2d, Assignments § 38 [“Parol or written assignments”] [2005]).
Second, as to an account stated claim, the plaintiff must establish an independent basis for liability (Parsons v Batchelor, 233 App Div 517, 518 [1st Dept 1931] [“The account stated can only determine the amount of the debt” and cannot “create a liability where none existed”]), as well as prove any agreement to pay any interest appearing on the account (Young v Hill, 67 NY 162 [1876] [compound interest charge on an account stated]; Levy, King & White Adv. v Gallery of Homes, 177 AD2d 967 [4th Dept 1991] [interest on invoices not supported by agreement to pay interest]). The plaintiff must also demonstrate mailing of the account or advance alternate proof showing the account was received (Morrison Cohen Singer & Weinstein, LLP v Brophy, 19 AD3d 161, 161-162 [1st Dept 2005] [proof statements were mailed necessary to support “presumption of receipt” and finding a failure to protest]; Bracken & Margolin v Schambra, 270 AD2d 221 [2d Dept 2000] [acknowledgment of debt showed receipt]). Other elements of this cause of action— the lack of a protest and the failure to pay — must also be supported {see, as to elements, 1 NY Jur 2d, Accounts and Accounting § 27 [“Pleadings”] [2005]).
These showings can easily be made by an affidavit from an official of the credit card issuer (see Citibank [S.D.] v Jones, 272 AD2d 815 [3d Dept 2000], lv denied 95 NY2d 764 [2000]).
*227 Review of Summons and Complaint Requirements Regarding Form
A motion for summary judgment must be supported by a copy of the pleadings (CPLR 3212 [b]), and the pleadings are subject to a number of requirements as to form.[8] Any attorney would be well advised to review the summons and complaint to determine if there are any omissions or errors.
An attorney finding a deficiency and wishing to continue the action has two choices: (1) to move for leave to amend the pleading and file it nunc pro tunc prior to making a summary judgment motion, or (2) to present an argument that the error is immaterial or curable, and tender any necessary cure, perhaps as part of the summary judgment motion (Hober v Reikert, 97 Misc 637, 640 [App Term, 1st Dept 1916] [courts may “amend their process and proceedings to cure defects on proper terms, and in other cases . . . disregard immaterial errors and defects”]; see also CPLR 2101 [f]). A careful study of the particular defect must be made for some defects are considered jurisdictional (Chalfonte Realty Corp. v Streator, Inc., 142 Misc 2d 501 [Civ Ct, NY County 1989, Tom, J.]; Union Hosp. of Bronx v Henry, 132 Misc 2d 1049 [Civ Ct, Bronx County 1986, Saks, J.] [respectively, notice of petition and summons failed to contain required information, dismissed without prejudice]), others are *228 considered amendable (Malik v Cukrowski, 172 Misc 2d 360 [Civ Ct, Queens County 1997, Ritholtz, J.] [amendment of summons to contain residence address of plaintiff permitted]), and some are curable by submission of a paper in proper form (Matter of Edward Shapiro P.C., 9 Misc 3d 369 [Civ Ct, Queens County 2005, Weinstein, J.] [attorney certification of court papers]). As to a general standard, unless a statute indicates to the contrary, it appears that the parties and the court should use “a two-pronged test . . . consonant with modern rational thinking toward pleading and procedure” which considers whether there was “adequate notice of the commencement of the proceeding” and whether any “substantial right of [the particular defendant would] be prejudiced by disregarding the defect or irregularity” (Matter of Great E. Mall v Condon, 36 NY2d 544, 548 [1975]).
Treatment of CPLR Interest
The final major issue which should be directly addressed by summary judgment motion papers is the treatment of interest, including the point in time plaintiff requests the interest rate be subject to the statutory rate of nine percent per year for judgments (CPLR 5001).
If a contract rate of interest is requested, a close analysis is required. Generally, if “the parties’ agreement provides that interest shall be paid at a specified rate until the principal is paid, the rate of interest set forth in the agreement. . . governs until the principal is paid or the agreement is merged into a judgment” (Valloni v Crisona, 170 AD2d 596, 598 [2d Dept 1991]). This rule may be altered if the account is assigned by a national or FDIC insured bank to a nonbank assignee, for such an assignee may be limited to the statutory interest after the assignment (Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 257 [2004] [General Obligations Law § 13-105 excludes assignee from benefit from a “special provision of law” applicable to assignor]). A request for contract interest should not be made if judgment is requested on an account stated, for this claim is independent of any contract provision (Citibank [S.D.], N.A. v Caputo, 8 Misc 3d 131[A], 2005 NY Slip Op 51049[U] [App Term, 9th & 10th Jud Dists 2005] [nature of account stated]).
If the credit account is closed or inactive, two different concerns may arise. As to contract interest on closed accounts, if the documents fail to specify a continuing interest rate after *229 maturity, the CPLR interest rate is applicable from the date of maturity (Metropolitan Sav. Bank v Tuttle, 290 NY 497, 500 [1943], rearg denied 291 NY 634 [1943] [“After maturity, in the absence of other agreement, the interest is computed as damages according to the rate then prescribed by law, whether that is more or less than the contract rate”]; Chipetine v McEvoy, 238 AD2d 536 [2d Dept 1997]; 8B Carmody-Wait 2d § 63:92 [2005] [“Where contract fixes rate”]). Alternatively, if the card issuer has an organizational policy cutting off contract interest claims upon defined conditions for closed or inactive accounts, counsel should scrupulously assure that this policy is incorporated in every set of summary judgment motion papers and every judgment request; the client and the court both expect an attorney to accurately state the client’s position.
As a final matter, counsel should clearly state any desire that the court set an intermediate date for interest (CPLR 5001 [b] [“WTiere . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date”]).
Conclusion
Considering the two summary judgment motions before the court, each have omissions which must be remedied as directed in supplementary orders. As to the standards of proof and form governing these applications for summary judgment, this decision constitutes the order of the court.

. The New York State Banking Board sets the generally effective civil interest rate, which is currently 16% per annum (3 NYCRR 4.1; L 1980, ch 883). New York’s criminal usury laws apply to an annual interest rate of 25% or more (Penal Law §§ 190.40, 190.42). Some of credit card charges are excluded from a usury calculation (Personal Property Law § 413 [5] Ob]; Zachary v Macy & Co., 31 NY2d 443, 457 [1972], rearg denied 32 NY2d 705 [1973] [excluded charges are classified as “charges for the privilege of purchasing on credit, expressed as a time-price differential” (internal quotation marks omitted)]).
Not every state’s usury laws follow the New York model (see, for historical and current American usury concepts, Shimon A. Berger, Note, Adding Insult to Injury: How In re Venture Mortgage Fund Exposes the Inequitable Results of New York’s Usury Remedies, 29 Fordham Urb LJ 2193 [2002]; Lynn Drysdale and Kathleen E. Keest, The Two-Tiered Consumer Financial Services Marketplace: The Fringe Banking System and its Challenge to Current Thinking about the Role of Usury Laws in Today’s Society, 51 SC L Rev 589 [2000] [some states permit loans with effective annual interest rates of 400% to 1,000% such as “payday” loans]; Todd J. Zywicki, The Economics of Credit Cards, 3 Chap L Rev 79 [2000]).

. National banks, pursuant to the National Bank Act (12 USC § 85), may charge credit card customers the higher of the rate permitted by the bank’s home state or of the home state of the bank’s customer (Marquette Nat. Bank of Minneapolis v First of Omaha Service Corp., 439 US 299, 318 [1978]; see also, as to “most favored lender doctrine,” Fisher v First Natl. Bank of Omaha, 548 F2d 255, 259 [8th Cir 1977] [internal quotation marks omitted], and 12 CFR 7.4001 [b]). Banks insured by the FDIC are subject to similar rules (12 USC § 1831d [a]; see, FDIC proposed rule, 70 Fed Reg 60019 [Oct. 14, 2005] [extending to insured banks rules similar to those governing national banks]; see also Greenwood Trust Co. v Commonwealth of Mass., 971 F2d 818, 826 n 7 [1st Cir 1992], cert denied 506 US 1052 [1993] [only “niggling variations” distinguish the two governing acts]). Usury claims against such banks aresub *222 ject to a two-year statute of limitations and recovery is limited to twice the interest paid (12 USC §§ 86, 1831d [b]).
The Federal Reserve System’s Web site has an institution search page which will identify any bank by type and home state (<http://132.200.33.161/ nicSearch/servlet/NICServlet?$GRP$=INSTSEARCH&REQ=DOM& MODE=SEARCH>). The Code of Federal Regulations is accessed most easily through a search page maintained by the Government Printing Office, currently in a test format (<http://ecfr.gpoaccess.gov/cgi/t/text/textidx?c=ecfr&tpl=%2Findex.tpl>). Both Internet sites were accessed on December 16, 2005.

. In relation to a national or insured bank, almost all charges not related to a purchase are embraced by the term “interest” (see Smiley v Citibank [South Dakota], N.A., 517 US 735, 740 [1996] [deferring to definition of “interest” for national banks by the Comptroller of the Currency to include “fees connected with credit extension or availability: numerical periodic rates, late fees, not sufficient funds (NSF) fees, overlimit fees, annual fees, cash advance fees, and membership fees”]; 12 CFR 7.4001 [a]; Marcia G. Robeson, Annotation, Computation of Service or Interest Charge on Bank Credit Cards as Usurious under National Bank Act [12 USCA § 85], 38 ALR Fed 805). The June 1996 decision in Smiley v Citibank (South Dakota), N.A. (supra), adopting a broad definition of “interest,” brought to a close a period of consumer oriented class action claims asserting such related charges were limited by the state law of the credit card holder, which litigation is well summarized in a law review article published approximately three months before the decision (Kevin G. Toh, Note, Are Credit-Card Late Fees “Interest”? Delineating the Preemptive Reach of Section 85 of the National Bank Act of 1864 and Section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980, 94 Mich L Rev 1294 [1996]).

. New York law requires that a copy of any agreement be mailed to a New York cardholder (Personal Property Law § 413 [11] [e]). Both federal regulations and many state laws require that any change of the terms of a credit arrangement be preceded by mailing a notice of a change some specified period of time before it is effective (12 CFR 226.9; see, as to Delaware and South Dakota, respectively, Johnson v Chase Manhattan Bank USA, 2 Misc 3d 1003[A], 2004 NY Slip Op 50086[U] [Sup Ct, NY County 2004, Cahn, J.], and Tully v Citibank [S.D.], N.A., 173 SW3d 212, 219 [Tex Ct App, Texarkana 2005]).

. A sample certificate of conformity appears in 14 West’s McKinney’s Forms, Estates and Surrogate Practice § 1:23 (see, as to other permitted certifying officials, Real Property Law § 299-a [1] [a], [c]), and a sample of a certificate of authentication, for other than a notary, is contained in 14 West’s McKinney’s Forms, Estates and Surrogate Practice § 1:31.

. Exceptions to a right to request legal fees include the following: (1) fee award cannot be based upon a cause of action pleading an account stated (HSBC Bank USA v Schulze, 9 Misc 3d 128[A], 2005 NY Slip Op 51529[U] [App Term, 9th & 10th Jud Dists 2005]); (2) legal fees cannot be awarded for mere collection efforts prior to litigation (Broadstreets, Inc. v Parlin, 75 Misc 2d 662 [Civ Ct, NY County 1973, Sherman, J.]); and, (3) an out-of-state attorney without an actual office in New York State may not seek such fees (Cheshire Academy v Lee, 112 Misc 2d 1076 [Civ Ct, Bronx County 1982, Saks, J.]).

. As to future fees, there is some support for claiming legal fees later in the same proceeding (see AD 1619 Co. v VB Mgt, 175 Misc 2d 1021 [App Term, 1st Dept 1998], affd as mod 259 AD2d 382 [1st Dept 1999], lv dismissed 93 NY2d 1030 [1999] [permitting raising claim for legal fees after conclusion of appeal]), which avoids the problem of splitting a cause of action (compare Marine Midland Bank v Roberts, 102 Misc 2d 903, 906 [Civ Ct, Kings County 1980, Feldman, J.]).

. Requirements governing the appearance of a summons for Civil Court cases arise from both statute and court rule (see generally, 1 West’s McKinney’s Forms, CPLR § 2:203 [“Contents of Summons and Summons with Notice”] [2005]; 86 NY Jur 2d, Process and Papers § 27 [2005] [noting substantially similar statutes and rules apply to the Civil Court, City Courts, District Courts, and Justice Courts]). The summons in consumer credit transactions (CPLR 105 [f] [“a transaction wherein credit is extended to an individual . . . primarily for personal, family or household purposes”]), must be printed legibly in both English and Spanish (CCA 401 [d]), and must contain: (1) the words “consumer credit transaction” at the top; (2) a specifically worded warning in 12-point bold uppercase typeface; (3) the same warning and additional text in Spanish; and (4) a statement of defendant’s residence address and, if a New York resident, “the county where the consumer credit transaction took place, if it is within the State” (22 NYCRR part 208; see, as to point size, CPLR 105 [t]). Entry of a default judgment is precluded absent proof of the required warnings (22 NYCRR part 208).
The pleading must be signed by an attorney with the name of the attorney clearly printed or typed directly below the signature (22 NYCRR 130-1.1a), which certifies that the pleading is not frivolous (22 NYCRR 130-1.1 [c]). The pleadings must identify the attorney by “name, address and telephone number” (CPLR 2101 [d]; CCA 401 [b]; Citibank v Gillaizeau, 132 Misc 2d 928, 929 [Civ Ct, NY County 1986, Lehner, J.] [street address “enable(s) personal service ... of motion papers . . . where a short notice period would be appropriate”]).