■ PRA III, LLC, Respondent, v EMILIO GONZALEZ, Appellant. [864 NYS2d 140]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated December 15, 2004, as denied that branch of his motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground that the summons with notice was not properly served upon him, and (2) from an order of the same court dated December 20, 2006, which granted the plaintiff's motion for summary judgment on the complaint and dismissing his counterclaim, and directed judgment in favor of the plaintiff and against him in the principal sum of $20,805.57.

Ordered that the order dated December 15, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 20, 2006 is reversed, on the law, and the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaim is denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff failed to establish its entitlement to judgment as a matter of law with respect to its claims sounding in breach of contract and on an account stated. The plaintiff submitted insufficient evidence of the existence of an agreement to extend credit to the defendant, the issuance of credit cards at the defendant's address, his use of credit cards, his retention of

account statements, or payments on the account (*cf. Landa v Dratch,* 45 AD3d 646 [2007]; *Citibank v Roberts,* 304 AD2d 901 [2003]; *Bracken & Margolin v Schambra,* 270 AD2d 221 [2000]; *Speciner v Parr,* 252 AD2d 554 [1998]). Moreover, the plaintiff submitted no evidence demonstrating the defendant's intention to pay the alleged debt (*see* General Obligations Law § 17-101; *Estate of Vengroski v Garden Inn,* 114 AD2d 927 [1985]). The plaintiff also failed to meet its burden of establishing its entitlement to judgment as a matter of law on the issue of whether the right to collect the alleged debt was assigned to it (*see Copelco Capital v Packaging Plus Servs.,* 243 AD2d 534 [1997]).

Notably, the three purported account statements submitted to the Supreme Court by the plaintiff bear an account number different from that mentioned in the summons with notice and in the affidavits in support of the plaintiff's motion for summary judgment. Nor were those account statements authenticated as business records of the plaintiff or its purported assignor (*see* CPLR 4518 [a]). We further note that the affidavits provided by the plaintiff were both signed and notarized outside of the State of New York, and were not accompanied by the required certificates of conformity, and the plaintiff made no attempt to rectify this defect (*see* CPLR 2309 [c]).

Moreover, the plaintiff presented, with its motion papers, and without explanation, a second, competing affidavit of service describing the service of a summons and complaint upon the defendant. Comparison of the original affidavit of service, referable to the service of the summons with notice, with this second affidavit, raises an issue as to propriety of service that cannot be resolved either on a motion to dismiss the complaint or on a subsequent motion for summary judgment. Thus, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint on the ground that the summons with notice was improperly served upon him, but erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim, which is based on his allegation that the plaintiff procured false affidavits of service in order to obtain a judgment against him (*see Schroeder v City of New York,* 371 US 208, 211 [1962]; *Carrasco v Klein,* 381 F Supp 782 [1974]; *United States v Barr,* 295 F Supp 889, 891 [1969]; *cf. Williams v Williams,* 23 NY2d 592, 596 [1969]).

We note that the defendant's contention that the plaintiff is operating as an unlicensed debt collector (*see* Administrative Code of City of NY § 20-490) is improperly raised for the first time on appeal (*see e.g. Singh v Atakhanian,* 31 AD3d 425 [2006]).

The defendant's remaining contentions are without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.