OPINION OF THE COURT
Scott Fairgrieve, J.
Plaintiff, as assignee of a consumer debt allegedly owed by defendant upon a credit card issued to him by GE Capital Retail Bank, commenced this action against defendant for breach of contract. Plaintiff now moves, pursuant to CPLR 3212, for summary judgment in the amount of $1,237.65, plus costs and disbursements. The motion is decided as follows.
The “drastic remedy” of summary judgment is appropriate only where there is no doubt as to the absence of a triable issue of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]). It is the movant’s burden to establish prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form sufficient to eliminate any material issues of fact (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (id.).
In assigned debt cases, a plaintiff assignee must establish standing to pursue a claim by submitting proof in admissible form of a complete chain of assignment beginning with the original creditor (see Palisades Collection, LLC v Kedik, 67 AD3d 1329 [4th Dept 2009]; Cach, LLC v Sliss, 28 Misc 3d 1230[A], 2010 NY Slip Op 51557[U] [Auburn City Ct 2010]). Plaintiff assignee must also prove that defendant’s particular account was included in the assignment (see Citibank [S.D.], N.A. v Martin, 11 Misc 3d 219 [Civ Ct, NY County 2005]) and that defendant was given notice of the assignment (Tri City Roofers v Northeastern Indus. Park, 61 NY2d 779, 780 [1984] [actual notice of assignment necessary to charge defendant with duty to pay debt to assignee]; see also CACH LLC v Fatima, 32 Misc 3d 1231 [A], 2011 NY Slip Op 51510[U] [Nassau Dist Ct 2011]). Failure to satisfy these requirements requires *593 denial of summary judgment (see Palisades Collection, LLC v Gonzalez, 10 Misc 3d 1058[A], 2005 NY Slip Op 52015[U] [Civ Ct, NY County 2005]).
Here, plaintiff has failed to provide the necessary documentary proof establishing that defendant defaulted on credit card payments to the original creditor and that the resulting debt was validly assigned to it. In support of its application, plaintiff submits: an affidavit from its custodian of records, Signe Espinoza; an “Affidavit of Sale” from the original creditor’s collections operations representative, Tajesha Shaviss; a “Bill of Sale,” which references the particular credit card account in question; and monthly credit card statements. The affidavits of Mr. Espinoza and Ms. Shaviss, however, cannot serve as a basis for the admission of the annexed billing statements as they lack any personal knowledge of the assignment or of the original creditor’s credit card agreement with defendant, billing, mailing, or record keeping practices (see JP Morgan Chase Bank, N.A. v RADS Group, Inc., 88 AD3d 766 [2d Dept 2011]; PRA III, LLC v Gonzalez, 54 AD3d 917 [2d Dept 2008]; CPLR 4518). Plaintiff has also failed to provide a copy of the original credit card agreement. Finally, and particularly fatal to plaintiff’s application, is that nothing in its motion papers indicates that defendant was ever notified of the assignment. Thus, numerous deficiencies in plaintiff’s motion preclude the granting of summary judgment.
Accordingly, plaintiff’s motion for summary judgment is denied.