Brooklyn Union Gas Co. v Steinberger (2025 NY Slip Op 51690(U))

[*1]

Brooklyn Union Gas Co. v Steinberger

2025 NY Slip Op 51690(U)

Decided on October 17, 2025

Civil Court Of The City Of New York, Kings County

Malik, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2025

Civil Court of the City of New York, Kings County

The Brooklyn Union Gas Company

d/b/a NATIONAL GRID NY, Plaintiff(s),

against

Joseph Steinberger, Defendant(s).

Index No. CV-007608-22/KI

Attorneys for plaintiff
Harold M. Birn, Esq.
P. Schneider & Associates, PLLC
80 Birch Hill Drive
Cairo, New York 12413
Tel. (877)878-4169

Defendant
No appearance

Rena Malik, J.

Upon the foregoing papers, plaintiff moves for leave to enter default judgment on the complaint against defendant in this action for unpaid utilities.

"On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default" (Katz v Blau, 173 AD3d 987, 988 [2d Dept 2019]). Where default judgment is "sought against a natural person in an action based upon nonpayment of a contractual obligation," an additional affidavit attesting to an additional notice must be given pursuant to CPLR 3215 (g) (3).

Plaintiff submits an attorney affirmation; the affirmation of service of the instant motion by mail on July 23, 2025; a copy of the summons and verified complaint (exhibit A); an affidavit of service of process (exhibit B); an affidavit of service of additional mailing pursuant to CPLR [*2]3215 (g) (3) (exhibit C); and its initial default judgment application submitted to the clerk on August 19, 2022 (exhibit D). The application includes, inter alia, a non-military affirmation; an affidavit of non-expiration of statute of limitations; and a copy of the "account running balance" ledger (exhibit D).

Initially the Court notes that, although this motion is made well after a year since the date of defendant's default, CPLR 3215 (c) is not implicated as plaintiff initially moved for entry of default judgment on August 19, 2022, a few months after the date of default. The application was rejected by notice dated August 8, 2024 and plaintiff's counsel did not know it was rejected until counsel checked on the status of the application (Birn aff at ¶ 12). "Where proceedings are taken within the statutory one-year period, any delays occasioned in the prosecution of the action beyond that year are irrelevant to CPLR 3215 (c)" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49 [2d Dept 2022]).

The application was rejected by the clerk because an affidavit or affirmation of the facts was missing. Plaintiff contends that such affirmation or party affidavit was not required because "the complaint was verified by a person with knowledge employed by the plaintiff" (Birn aff at ¶ 16). While CPLR 3215 (f) explicitly provides that a verified complaint "may be used as the affidavit of the facts constituting the claim and the amount due" (see also CPLR 105 [u] [a "'verified pleading' may be utilized as an affidavit whenever the latter is required"]), the verification here was deficient. CPLR 3020 (d) provides:

By whom verification made. The verification of a pleading shall be made by the affidavit of the party, or, if two or more parties united in interest are pleading together, by at least one of them who is acquainted with the facts, except:

1. if the party is a domestic corporation, the verification shall be made by an officer thereof and shall be deemed a verification by the party;

2. if the party is the state, a governmental subdivision, board, commission, or agency, or a public officer in behalf of any of them, the verification may be made by any person acquainted with the facts; and

3. if the party is a foreign corporation, or is not in the county where the attorney has his office, or if there are two or more parties united in interest and pleading together and none of them acquainted with the facts is within that county, or if the action or defense is founded upon a written instrument for the payment of money only which is in the possession of an agent or the attorney, or if all the material allegations of the pleading are within the personal knowledge of an agent or the attorney, the verification may be made by such agent or attorney.

Here the verification was executed by Vicki L. Piazza, alleged to be "an employee of the plaintiff" (exhibit A); as there is no suggestion that she is an officer or otherwise authorized, this employee is not the proper person who may verify the pleading. Further, all the allegations of the complaint are "upon information and belief" and therefore the verification does nothing to confirm the truth of the allegations (cf. Davidson v Sollazzo, 2019 NY Slip Op 32681[U], *2-4 [Sup Ct, NY County 2019] [the verification included language affirming to the employee's authorization to make the verification on behalf of the corporate entity and also swore to the truth of the allegations therein, which were based on his own personal knowledge]).

The motion is also denied on the grounds that the affidavit of service of the additional [*3]mailing required by CPLR 3215 (g) (3) is deficient as it omits the address where the summons and complaint were mailed (see exhibit D, stating "at the defendant(s) last known mailing address of , , ."') (see Confidential Lending, LLC v Nurse, 120 AD3d 739, 742 [2d Dept 2014]). Even if there were an address set forth, the additional notice requirement might still not be satisfied as it was purportedly sent to defendant's "last known mailing address." The statute (CPLR 3215 [g][3][i]) requires the additional mailing be sent to defendant's "place of residence" and if that is unknown, then "defendant's place of employment," and if that, too, is unknown, then to "his last known residence" (see Thomas v Karen's Body Beautiful, LLC, 198 AD3d 450 [1st Dept 2021]).

The motion may also be denied on the grounds that the "non-military" affidavit required by 50 USCA § 3931 is over three years old (see exhibit D, attorney affirmation dated August 18, 2022 introducing Department of Defense report dated August 18, 2022) (see, e.g., Sunset 3 Realty v Booth, 12 Misc 3d 1184(A), 2006 NY Slip Op 51441[U], *3 [Sup Ct, Suffolk County 2006] [rejecting default judgment application where investigation was over one year old]; see Legal/Statutory Memorandum (LSM) 152B, eff. May 27, 2010 [requiring the court to reject military affirmations that are over 30 days old]; see generally Citibank, N.A. v McGarvey, 196 Misc 2d 292, 299 [Civ Ct, Richmond County 2003] ["Procedurally, the nonmilitary affidavit must be based on an investigation conducted contemporaneously with the proposed entry of the default judgment"]; New York City Hous. Auth. v Smithson, 119 Misc 2d 721, 721-24 [Civ Ct, NY County 1983]).

Finally, and most importantly, the summons is facially defective. It states:

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of KINGS at the office of the Clerk of the said Court at in the County of KINGS, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed Verified Complaint with the Clerk.
(exhibit A). Notably absent is the address of the courthouse where defendant is directed to appear to file an answer. While the New York City Civil Court Act requires that "[t]he summons shall direct the defendant to file his answer with the clerk" (CCA 401 [b]), how would defendant know where the clerk is located?

While such omission or defect could arguably be corrected per CPLR 305 (c) or CPLR 2001, those statutes "may be used to cure only a "technical infirmity" (Ruffin v Lion Corp., 15 NY3d 578, 582 [2010], quoting Matter of Miller v Board of Assessors, 91 NY2d 82, 87 [1997] [internal quotation marks omitted]). "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (Ruffin, 15 NY3d at 582, quoting Raschel v Rish, 69 NY2d 694, 696 [1986]). "Where a defect creates a 'greater possibility' of frustrating the core principles of notice to the defendant, the defect must be regarded as substantial and courts may not disregard it under CPLR 2001" (Segway of NY, Inc. v Udit Group, Inc., 120 AD3d 789, 791 [2d Dept 2014]).

The Court finds that this omission — the failure to give any address for the court or the clerk's office so that defendant can file an answer — frustrates core principals of notice and is therefore substantial (see Segway of NY, Inc. v Udit Group, Inc., 120 AD3d 789, 791 [2d Dept 2014] ["the motion for summary judgment in lieu of complaint was made returnable to a location [*4]in Mineola at which the Supreme Court was not located, and at which the motion could not have been opposed"; thus the "affirmative misstatement of the address at which the motion could be defended" was a jurisdictional defect that could not be overlooked]; Union Hosp. of Bronx v Henry, 132 Misc 2d 1049, 1049-50 [Civ Ct, Bronx County 1986] [a summons that "neither gave the location of the courthouse nor . . . notice that the answer was required to be filed there" was a jurisdictional nullity and "not amendable"] [emphasis in original]; David Fox & Sons, Inc. v Steele, 8 Misc 2d 530, 531 [Dist Ct, Nassau County 1957] [dismissing action upon finding a jurisdictional defect as the summons did "not clearly indicate the address of the Clerk of the Court"]; see, e.g., Montgomery Trading Co. v Cho, 193 Misc 2d 468, 469-70 [Civ Ct, NY County 2002] [the incorrect court part and room number constituted a failure to specify the correct place of a hearing on a notice of petition and found to be a jurisdictional defect]; Mandala, L.L.C. v Lynch, 2001 NY Slip Op 40204(U) [Civ Ct, NY County Aug. 13, 2001] [same]; see also Scott v Uljanov, 140 AD2d 830, 831-32 [3d Dept 1988] ["the failure to name the specific court goes to the fundamental jurisdiction of the court"] [internal quotations and citation omitted], revd in part on other grounds 74 NY2d 673 [1989]; Tamburo v P & C Food Mkts., 36 AD2d 1017 [4th Dept 1971] ["A summons which fails to name the court in which the action is brought is void"]).

Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment is denied; and it is further

ORDERED that the action is dismissed due to the jurisdictional defect of the summons.

This constitutes the decision and order of the court.

DATED: October 17, 2025
Brooklyn, New York
ENTER:
RENA MALIK
Judge of the Civil Court